OPINION OF THE COURT
Arthur B. Curran, J.
The above action for divorce was commenced by the plaintiff husband on the grounds of cruel and inhuman treatment in August of 1980. The defendant asserted an answer and a counterclaim for divorce on the grounds of cruel and inhuman treatment and a second counterclaim on the grounds of abandonment. The case was reached for a nonjury trial before this court in June of 1981 at which time the plaintiff, upon the advice of his attorney, agreed to withdraw his cause of action for divorce and permit the defendant to obtain a divorce against him on the grounds set forth in her counterclaim without opposition.
The court proceeded to hear evidence from the defendant and granted the divorce action of the defendant against the plaintiff, together with certain other specific relief.
The court now addresses itself to the issue of the pension plan of the plaintiff. The plaintiff has been a policeman for the City of Rochester for approximately 11 years. Since February 20, 1973 he has been a participant in the New *324 York State pension plan (Retirement and Social Security Law, § 384-d). He can retire at half pay at the earliest on February 20, 1993. A member with 10 or more years’ service credit, including at least 5 years as a member of the retirement system, has vested rights. The court finds that the plaintiff has a vested but as yet unmatured right to a pension from the State retirement system. The defendant introduced actuarial evidence from the firm of Smith, Everett & Associates, Inc. that the present value of the plaintiff’s accrued benefits under his pension plan is $31,025.29. The plaintiff has been a participant in this pension plan for a total of 99 months. The parties were married to each other for 90 of those 99 months. Therefore, the pro rata present value of the pension plan from the 90 months of the marriage is the sum of $28,204.81.
Since the trial of this case, but before this decision was rendered, the Supreme Court of the United States rendered a decision in the case McCarty v McCarty on June 6, 1981. (453 US__) In the McCarty case, the Supreme Court decided that upon dissolution of a marriage, Federal law precludes a State court from dividing military nondisability retired pay, pursuant to the State of California’s community property laws. That court noted that military retired pay differs in some significant respects from a typical pension or retirement plan. The retired officer remains a member of the Army. In addition, he may forfeit all or part of his retirement pay if he engages in certain activities. Finally, the retired officer remains subject to recall to active duty by the Secretary of the Army at any time. The court feels that those facts make the McCarty case distinguishable from the facts of the instant case where no Federal statute or question is involved.
This court holds that the plaintiff’s pension is marital property to be considered in determining the equitable distribution of the parties’ assets for the following reasons: “The term ‘marital property’ shall mean all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held, except as otherwise provided in agreement pursuant to subdivision three of this part. Mar *325 ital property shall not include separate property as hereinafter defined.” (Domestic Relations Law, §236, part B, subd 1, par c.)
“Marital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties.” (Domestic Relations Law, § 236, part B, subd 5, par c.)
“In determining an equitable disposition of property under paragraph c, the court shall consider: *** (4) The loss of inheritance and pension rights upon dissolution of the marriage as of the date of dissolution” (emphasis added). (Domestic Relations Law, § 236, part B, subd 5, par d.)
The court, in deciding the wife’s share of the husband’s New York State retirement fund, will consider: (1) the length of the marriage between the parties; (2) the duration of the husband’s employment; and (3) whether or not the husband’s pension benefits are vested. Although the “Equitable Distribution Law” became effective on July 19, 1980, this court rejects the plaintiff’s contention that any division of the husband’s pension rights should only be for the period commencing after July 19, 1980.
The distribution of the pension funds is a recent phenomenon in New York State Domestic Relations Law. Thus, New York State has not developed a body of case law to guide the courts in the treatment of pension plan benefits. Although the equitable distribution statute itself is very specific in enumerating the various factors which the courts must consider in distributing marital property, the statute offers no direction or guidelines in interpreting or applying any specific factor. In view of these facts, the court in rendering its decision, has analyzed and considered cases from other equitable distribution jurisdictions.
The bulk of authority from equitable distribution jurisdictions holds that vested, even though unmatured, retirement or pension benefits, based on age and/or length of service constitutes community property. Such community property is subject to division between the spouses upon the dissolution of the marriage. (See Neal v Neal, 116 Ariz 590; Matter of Brown, 15 Cal 3d 838; Pension or Retire *326 ment Benefits as Subject to Award or Division by Court in Settlement of Property Rights between Spouses, Ann., 94 ALR3d 176.) A New Jersey court has held that “the portion of a pension plan, whether contributory or noncontributory, acquired during marriage and over which an employee has complete control, even though enjoyment may be postponed, should be an asset subject to equitable distribution. The postponement of enjoyment should be considered in determining the manner in, and the time at which, this portion of the plan is divided.” (Blitt v Blitt, 139 NJ Super 213, 219.)
In the case of Weir v Weir (173 NJ Super 130), the court held that since the employee spouse’s rights for a pension had vested, the pension was subject to equitable distribution upon the dissolution of the marriage.
In Matter of Rogers (45 Ore App 885), the court announced certain guidelines for use in a case where pension rights have vested but not matured: (note: a vested right is a pension right which is not subject to a condition or forfeiture if employment terminates. Such vested rights survive termination of the employee).
1. Amount of contributions made during the marriage.
2. Attempt to give the spouse a sum certain rather than a percentage based upon future contingencies.
3. If parties share in the benefits on a proportional basis, then both parties should also share the risks of future contingencies.
4. An award of a portion of retirement benefits should be made where other marital property awarded is not adequate to make an equitable distribution.
5. Income taxes of the employee spouse on the pension benefits that the nonemployee spouse will receive.
In the instant action, the husband is and has been employed by the Rochester Police Department for approximately 11 years. On or about February 20, 1973, the husband became a participant in the police department’s noncontributory pension plan. Thus, the husband has been a participant in the pension plan for approximately 99 months. On December 1, 1973, the parties were married. *327 On June 5, 1981, the parties were divorced. At the time of the parties’ divorce, the parties had been married for approximately 90 months. Under the terms of the husband’s pension plan, the husband’s benefits vested upon his attaining more than 10 years of service with the Rochester City Police Department. Pursuant to the husband’s pension plan, the pension plan rights are not yet matured to the point where the husband is presently entitled to receive any benefits.
Since the court rules that, under section 236 of the New York State Domestic Relations Law, pension rights are subject to equitable distribution, the court must now decide what share the wife will be awarded and the manner in which the husband must pay.
The parties have stipulated that the present value of the husband’s pension rights accrued during the marriage is 90/99 times the $31,025.29 total present value of the fund. Thus, the present value of the pension fund subject to equitable distribution as marital property amounts to the sum of $28,204.81. Based on the aforesaid figure, the court finds that the wife is entitled to one half of this property, to wit: $14,102.40.
The court now addresses itself to what method should be imposed to assure that the wife will indeed receive that portion of the pension fund which she is entitled to under the equitable distribution statute. After a review of the facts and circumstances of the respective parties, the court, in fairness to both parties, will allow the husband the choice of exercising any one of the following options:
(1) The husband may immediately pay the wife the sum of $14,102.40 or
(2) The husband may, at any time before the husband’s retirement, pay to the wife the sum of $14,102.40 with interest (such interest shall be based upon the legal rate of interest charged on money judgments in New York State), or
(3) If the husband has not paid to his former wife her percentage of his present retirement benefit pursuant to (1) and (2) above then, upon his retirement, he must pay to her one half of the percentage that the months they were *328 married bears to the total number of months that he was employed, as a policeman, prior to his retirement. For example, if he retired after being employed as a policeman for 270 months, the number of months the parties were married, 90, would be Vs and the wife would be entitled to Vi of the Vs which would be of his monthly pension check. If he worked for 360 months the total months the parties were married being 90, would equal Vt and the wife’s Vi share of that would mean she would be entitled to Vs of his monthly pension check.
Enactment of the new equitable distribution law in New York State allows the courts to “go behind the scenes” of a marriage, and hopefully give both spouses an equal division of the parties’ marital property. The statute was designed to mend the inequities that often existed under the former laws. The courts may now consider the length of the marriage and the contributions of both parties to the marriage, when making a distribution of marital property. In the case at bar, the court found that the wife ceased her employment in order to take care of the parties’ children and marital residence. The pension plan of the husband was insurance for the family that they might be taken care of upon the husband’s retirement from the police force. The court feels that an inequity would result if the husband was allowed to reap the entire benefits from this pension plan.