opinion of the court
Lewis L. Douglass, J.
Plaintiff wife Marie Perri commenced this action for divorce on the grounds of cruel and inhuman treatment by defendant husband Louis Perri. Defendant husband counterclaims for a judgment of divorce on the same grounds. Both parties seek equitable distribution of the marital property, including a matured pension fund which, at the time of the commencement of this action, was issuing monthly payments to the husband, a retired New York City police officer.
The parties appeared before this court on June 21 and June 22, 1982. The findings of fact for the noncontested action were determined by inquest. Neither party challenged the other’s testimony through cross-examination. The facts of this case as set forth in the record convince this court that this marriage has deteriorated to the point where continued cohabitation is both improper and unsafe for each party. Therefore, a judgment of divorce as pro *479 vided by subdivision (1) of section 170 of the Domestic Relations Law is hereby granted as to both parties (Echevarria v Echevarria, 40 NY2d 262).
The couple was married on June 22, 1958, settled into a home on Batchelder Street in Brooklyn, and raised three children who are now over the age of 18. One son, Steven, 19, still lives at home, but is employed. Mr. Perri joined the New York City Police Department shortly after his marriage and is now retired on pension. About the same time he retired, the marriage fell apart and divorce was contemplated. Besides his pension, which after deductions amounts to $185 per week, Mr. Perri is employed as a truck driver.
Mrs. Perri devoted her married years to working as a homemaker and raising the children. Since the marriage has deteriorated, for the past year and a half she has been working as a clerk-typist. That entry-level position provides a net salary approximately equal to Mr. Perri’s salary as a truck driver. In fashioning a judgment, the court shall be sensitive to what is fair and equitable to the parties, given past consideration for each party’s contributions to the marriage plus present consideration for each party’s current circumstances and living needs.
In making her claim for equitable distribution of his' pension, plaintiff contends that because the moneys in the pension were accrued while the couple was married, the pension should be considered marital property. Defendant argues that because the pension has matured and he has been receiving the money, it is to be treated as his income and thus, separate property.
There can be no doubt that all vested pension funds, except for disability pensions and military retirement pensions, are marital property and subject to equitable distribution (Majauskas v Majauskas, 110 Misc 2d 323; Martinez v Martinez, NYLJ, Oct. 13, 1981, p 17, col 5; and Ann., 94 ALR3d 176). The pension benefits are consideration for past services, i.e., services rendered while an active member of the department.
During his time of service with the police department, the couple was married and all income was the product of *480 the partnership they created. Plaintiff’s work as a homemaker was equally important as defendant’s and plaintiff, therefore, is entitled to a share of his earnings. Plaintiff reasonably expected support in the years to come from the moneys earned during the marriage and put in the pension fund. Plaintiff had foregone the enjoyment of those benefits with an expectation of sharing in them at a later date.
Defendant concedes that if the pension had not yet matured plaintiff would be entitled to a share of the benefits. That defendant is already receiving such benefits cannot be determinative of whether or not the pension is marital property. Timing is not an issue on this point.
To accept defendant’s proposition that upon retirement of the working spouse the pension becomes income and not marital property subject to equitable distribution would be to divest the interest of the nonworking spouse which she helped to create for 20 years. A gross inequity would result if the husband was allowed to reap the entire benefits from his pension plan (see Majauskas v Majauskas, 110 Misc 2d, at p 328). Other jurisdictions which have similar equitable distribution laws to this State’s new law concur in this court’s finding (see, e.g., Collida v Collida, 546 SW2d 708 [Tex], where a State fireman’s pension fund could be compelled to pay directly to the wife, even when the fireman had already started receiving the pension).
While this court finds the pension to be marital property, the thrust of the court’s concern is to make a fair award to plaintiff without unduly burdening defendant. The court recognizes the practical distinction for defendant between an unmatured and a matured pension.
A person who has an unmatured pension right is usually still working and earning a living in the job market. There is no immediate expectation of use of the pension for support. It would not be unduly harsh or burdensome to allow the nonworking spouse to share in this expectancy. This share would include consideration for the years the nonworking spouse contributed to the marriage partnership.
A person who has a matured pension right and who has been receiving the pension money for a period of time *481 presents a different case. The longer the period of time the person receives the pension, the more it becomes like income to the retiree and a source of maintenance for his daily needs. Usually, the pension is the sole or major source of income for the retiree. Forcing payment to the nonworking spouse may be unduly burdensome. An award, therefore, will depend upon how much the retiree must rely upon the pension in order to live, considering his age, expenses, work capacity, other sources of income, and his spouse’s work capacity and needs.
In the instant case, the defendant’s pension has recently matured. Defendant has been receiving the benefits for a year and a half while also receiving a salary for driving a truck. He is 48 years of age and is capable of working for a number of years. These factors must be balanced against his responsibility to establish and maintain a new residence for himself while maintaining plaintiff and helping her to reach an independent life, plus paying back plaintiff for her contributions to the marriage partnership as a homemaker. It is in light of these competing interests that the pension fund must be distributed.
In distributing the pension fund, the court, in a separate opinion, has made provision for the sale of the marital home and the distribution of the proceeds from that sale and other marital property, and has set forth procedures for liquidating back taxes and various family credit card accounts.
Having made those adjustments, the court, in this opinion, consistent with its finding that matured pension funds must be distributed as marital property, and having considered both parties’ present and future financial circumstances, orders, that the defendant pay to the plaintiff $180 per month from the pension fund for 60 months; that amount to increase to $240 one month after the home is sold to compensate for the fact that the husband, in the afore-mentioned separate opinion, has been ordered to make the mortgage payments until the home is sold, and the wife will, after the sale of the home, incur additional monthly expenses when she is required to move out of the marital home.
*482 This award recognizes the wife’s services as a homemaker and allows her to enjoy essentially the same income as she would have had during the marriage. Since her potential for becoming self-sufficient is high in that she has been working on her own for this past year and a half, and since she will receive half the proceeds from the sale of the house, the court feels that 60 months of payments by defendant will suffice.