OPINION OF THE COURT
Sidney Leviss, J.
This action for divorce by the plaintiff husband, upon the grounds of abandonment, was commenced against the defendant on January 21, 1982. The defendant wife interposed an answer and counterclaim for divorce on the grounds of cruel and inhuman treatment, and a second counterclaim on the grounds of abandonment. The relief requested by defendant wife consisted of equitable distribution of the marital property, reasonable maintenance, custody of the two infant issue of the marriage, child support and counsel fees.
*804 The actions came on for nonjury trial before this court in September, 1982. The credible evidence adduced herein shows they were married on September 9, 1965 in New York County. There are two infant children of the marriage, George born on April 20, 1966, and Lynne born on July 18, 1968. Plaintiff husband has been employed by the New York City Fire Department as a fireman since March 18,1967, earning approximately $31,408 per year, and is a member and participant in the pension plan of said New York City Fire Department. Defendant wife graduated from high school and worked as a typing and filing clerk, waitress and hostess from 1958 to 1965 when she married, becoming a housewife and homemaker. She did not work again until 1975-1976, when she worked as a waitress for one and one-half years, as they needed money. During the earlier part of the marriage the parties acquired a house in Garden City which was sold shortly thereafter, the proceeds of which were used to purchase a second house at 32 Jefferson Street, Garden City, New York.
While residing at 32 Jefferson Street, Garden City, the plaintiff husband, on at least three occasions, namely, in August, October and December of 1977, physically assaulted the defendant wife. In January, 1978, the plaintiff husband called defendant wife and told her that he wasn’t coming home again. However, for the period from January, 1978 to November, 1979, the parties had sexual relations from time to time. During this period of time plaintiff was pressuring defendant to sell the house. He didn’t give her any money and she had to borrow some. She lost 50 pounds and sought medical attention for a period of nine months. She finally consented to sell the house. The home was sold in November, 1979, with each party receiving half of the net proceeds, the wife also receiving the household furnishings therefrom. From November, 1979 to the present time there have been no sexual relations between the parties, although defendant has requested same, but plaintiff has refused. Both parties are capable and not physically incapacitated from the performance thereof.
Since July, 1978 defendant wife has worked intermittently for two or three days a week as a waitress and *805 hostess in order to augment a Family Court support order of June, 1978 of $125 per week for her and the children.
In January, 1980, plaintiff purchased premises 26 Virginia Avenue, Long Beach, New York, for $43,000. He made a down payment of $14,000 from the funds he received as his share of the sale of the Garden City home, with title in his own name. Subsequently he transferred title in August, 1980 to himself and his girlfriend, Lillian Kaminsky, jointly. The girlfriend apparently spent approximately $22,000 for repairs and renovation of the house. Both share the expenses jointly.
At the end of the plaintiff’s case, the court dismissed the cause of action in the complaint for abandonment, for failure to prove a prima facie case.
The court finds that defendant wife has proven her cause of action based upon abandonment, and accordingly grants defendant a judgment of divorce herein. Defendant is granted custody of the two infant children, George age 16, and Lynne age 14, with liberal visitation privileges to the plaintiff.
There are two basic issues to be determined herein, and they are (1) whether defendant is entitled to an equitable distribution of the real property purchased by plaintiff in Long Beach, New York, in January, 1980, and (2) whether a New York City fireman’s pension is ever subject to equitable distribution, and if it is, whether plaintiff’s non-vested pension at the time of the commencement of this action is subject to such equitable distribution.
The marriage relationship since the passage of the Equitable Distribution Law (Domestic Relations Law, § 236, part B) has come to be viewed as an economic partnership. “Upon its dissolution, property accumulated during the marriage should be distributed in a manner which reflects the individual needs and circumstances of the parties regardless of the name in which such property is held.” (Governor’s memorandum of approval, McKinney’s Session Laws of NY, 1980, p 1863.)
All property, real or personal, has now been classified by part B of section 236 of the Domestic Relations Law, as either “marital property” or “separate property”. Para *806 graph c of subdivision 1 thereof, defines “ ‘marital property’ ” as: “all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held”.
Paragraph d of subdivision 1 defines “separate property” as:
“(1) property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse;
“(2) compensation for personal injuries;
“(3) property acquired in exchange for or the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse;
“(4) property described as separate property by written agreement of the parties pursuant to subdivision three of this part.”
Defendant claims that she is entitled to an equitable distribution with respect to the real property which was acquired by the plaintiff husband in Long Beach, New York, during the marriage. Plaintiff claims that such property is “separate property” owned by plaintiff and another, and that defendant is not entitled to any equitable distribution therefrom. The credible evidence with respect thereto shows that prior to January, 1978, the parties jointly owned their iqarital residence located at 32 Jefferson Street, Garden City, New York. That in January, 1978 plaintiff had an argument with defendant and left defendant and the marital premises. In November, 1979, the parties sold their marital residence at 32 Jefferson Street, Garden City, New York. Each party received $26,800 net from the sale thereof, in addition to which defendant wife received the furnishings from the house. Plaintiff thereupon, in January, 1980, purchased premises 26 Virginia Avenue, Long Beach, New York, for $43,000, ostensibly jointly with a person, Lillian Kaminsky. Plaintiff used $14,000 of the proceeds from the sale of the Garden City premises as a down payment with a mortgage of approximately $29,000. Title was taken in plaintiff’s name in *807 January, 1980, as Lillian Kaminsky was unable to attend the closing. Ms. Kaminsky was to buy the furnishings, appliances, furniture, kitchen cabinets and renovations, which expenses totaled $20,000. Plaintiff then transferred title in August, 1980 jointly to himself and Lillian Kaminsky.
The parties having mutually agreed to sell their joint assets, the house, prior to separation, and divide same in an equitable fashion, in this case the wife receiving the major portion of said assets, namely, one-half the cash proceeds plus all the furnishings, she cannot now complain. The intent of the parties was to divide the proceeds which then became separate property. She is not now entitled to two bites from the same apple by claiming an equitable distribution of the husband’s share of said proceeds.
As there are no other assets which can be considered marital property, the court will now consider the most important issue herein, and that is whether plaintiff’s pension plan is marital property and therefore subject to equitable distribution herein. Plaintiff George M. Hebron, a fireman first grade with the Fire Department of the City of New York, joined the Fireman’s Retirement System on March 18, 1967. Section B19-7.871 (subd b, par [2]) of the New York City Administrative Code states that a member of the New York City Fire Department is entitled to a pension which shall not vest until the member has been employed by the department for a period of 15 years. The 15 years is calculated from the anniversary date of the member’s employment. He is enrolled in the 20-year retirement plan (Administrative Code, § B19-7.58).
An employee’s interest in a pension plan is “vested” if the right cannot be forfeited by the discharge or voluntary retirement of the employee prior to his or her reaching retirement age, while the interest is “matured” if there is an unconditional right to immediate payment of retirement benefits (Matter of Brown, 15 Cal 3d 838). Therefore, plaintiff’s rights in the New York City Fireman’s Pension Fund are not only not matured, but they were not even vested at the time of the commencement of this action, as plaintiff had less than 15 years in the system prior thereto.
*808 In New York, the courts in the relatively short period of time since the Equitable Distribution Law went into effect in July, 1980, have held that a pension which has matured is to be considered marital property for purposes of equitable distribution (Perri v Perri, 115 Misc 2d 478), as well as pensions which have vested but have not yet matured (Majauskas v Majauskas, 110 Misc 2d 323; Martinez v Martinez, NYLJ, Oct. 13, 1981, p 17, col 5 [Oppido, JJ). However, there has as yet been no reported decision in New York, as to whether a pension plan that has not vested at the time of the commencement of the action is or is not to be considered as marital property for the purposes of equitable distribution.
Plaintiff claims that the nonvested pension rights herein are mere expectancies and not property and therefore are not subject to equitable distribution. The term expectancy describes the interest of a person who merely foresees that he might receive a future beneficence, such as the interest of an heir apparent. The holder of such expectancy has no enforceable right to his beneficence. However, it is now well established that retirement pensions are not obtained from the beneficence of the employer, but are rather a part of the consideration earned by the employee. Since pension benefits are a form of deferred compensation for services rendered, the employee’s right to such benefits is a contractual right, derived from the terms of the employment contract. A contractual right not being an expectancy but a chose in action, a form of property, it follows that an employee acquires a property right to pension benefits when he enters upon the performance of his employment contract. (See Matter of Brown, supra.) Further, the court stated in Kern v City of Long Beach (29 Cal 2d 848, 855), “[T]here is little reason to make a distinction between the periods before and after the pension payments are due. It is true that an employee does not earn the right to a full pension until he has completed the prescribed period of service, but he has actually earned some pension rights as soon as he has performed substantial services for his employer * * * He * * * has then earned certain pension benefits, the payment of which is to be made at a-future date.”
*809 Accordingly, this court holds that plaintiff husband’s pension rights, a contingent interest, although nonvested, is marital property subject to equitable distribution. California, a community property State with extensive experience herewith, supports such holding. (See, e.g., Matter of Brown, supra.)
Section 236 (part B, subd 5) of the Domestic Relations Law enumerates the 10 considerations for the court’s determination in disposing of the above property.
(1) Plaintiff has been a fireman from almost the beginning of the marriage to the present. His salary at the present time is approximately $31,400 per year. Defendant had worked as a clerk, waitress and hostess prior to the marriage, when she discontinued working. At the present time she works one night a week as a hostess, but she is now looking for a steady job.
(2) The marriage lasted over 16 years and both parties appear to be normal healthy people, except that it appears that defendant cannot work as a waitress due to an ear condition.
(3) There are no household effects nor a marital residence to be considered herein.
(4) There appears to be no separate property of any significant value and although each party will lose the right to inherit from each other, such a loss is not of any consequence. Plaintiff’s pension plan has been discussed and the loss to defendant of retirement income she would have shared in had the parties remained married, is of some consequence. Such factor will be more fully discussed below.
(5) The court will award defendant as maintenance the sum of $75 per week until her remarriage or death. This award will be discussed in greater length below.
(6) The equitable claim by defendant to the plaintiff’s property located at 26 Virginia Avenue, Long Beach, New York, has been previously discussed and held to be separate property of the plaintiff herein.
(7) The only marital property involved herein is the pension plan which is presently nonliquid and will continue to be nonliquid until some time in the future.
*810 (8) The future financial circumstances of the plaintiff is probably easier to foretell than that of defendant. Plaintiff is an experienced fireman first grade in good health, and will continue to earn a good salary in the future. Defendant has been working for the past five or six years, part time as a waitress and hostess. Because of an ear condition she no longer can work as a waitress, therefore her earning potential is not very good. Without a college degree and not possessing any other readily marketable skill other than that of hostess, the possibility of her obtaining anything comparable to plaintiff’s salary is quite remote.
(9) An important factor in distributing the marital assets is the uncertainty regarding the maturation of plaintiff’s pension rights and the difficulty of fixing a value on these rights. This will be discussed further below.
(10) The tax consequence of any distribution is the only additional factor to be considered herein, and this will be discussed below with respect to the pension rights.
In dividing the marital property, which the court has found previously to consist of plaintiff’s pension plan, such presents quite a difficult problem. The court must consider the possibility that plaintiff’s death prior to retirement will destroy plaintiff’s pension rights (see Matter of Brown, supra). Further, due to the uncertainties and difficulties in determining the present value as to plaintiff’s pension rights, the court finds that an apportionment must be made effective “if, as, and when the benefits are received” by plaintiff. (Cearley v Cearley, 544 SW2d 661, 666 [Tex].) But, it is true that defendant “is not entitled to share in any pension benefits earned after divorce and before retirement”. (Foster v Foster, 589 SW2d 223, 225 [Ky].)
In view of the above, the court decides that defendant is entitled to one third of plaintiff’s net pension benefits at the time of retirement, multiplied by the following fraction: numerator — the number of months of marriage during which the benefits were accumulated; denominator — the total number of months during which the benefits were accrued prior to the time of retirement.
The net amount of plaintiff’s pension may be estimated at the beginning of plaintiff’s receipt of the retirement benefits and such amount may be adjusted at the end of the *811 year to reflect plaintiff’s actual tax liability. This estimate will be made by an accountant mutually agreed upon by the parties, or an accountant appointed by the court. The court has utilized the net pension received by plaintiff because he will have tax consequences on the full amount of the pension received.
Section 236 (part B, subd 6) enumerates the 10 following factors to be considered in the court’s determination.
(1) The plaintiff presently is earning approximately $31,500 per year, while defendant has no current steady income. In dividing the marital property, only the pension plan has any appreciable value. However, that will not produce any additional income for several years at least.
(2) The parties have been married for over 16 years and both are apparently normal healthy people, except that defendant wife has an ear condition which prevents her from working as a waitress.
(3) Defendant is presently working one day a week as a hostess, but has the ability to be self-supporting in the future with the help of the maintenance awarded herein.
(4) Defendant will need a period of time to find a permanent steady job as a hostess or some clerical position. However, even after obtaining such a job or position, the court feels defendant will require maintenance.
(5) The two children of the marriage presently reside with defendant in an apartment in Garden City, New York.
(6) The evidence reflects a middle class standard of living throughout most of the period the parties were married.
(7) In awarding maintenance to the defendant, the court notes that such maintenance will be taxable to defendant, but deductible by the plaintiff. However, plaintiff will be in a relatively higher tax bracket following the divorce.
(8) In awarding maintenance herein, the court has taken into consideration defendant’s contribution to the marriage through her services as a spouse, parent and homemaker throughout the marriage.
(9) The court finds that neither party has dissipated any assets.
*812 (10) Plaintiff’s current earnings are approximately $31,500 per year. Defendant had earnings of approximately $8,456 for the year 1981. Defendant cannot sustain or support herself and the two infant children upon her earnings above. After 16 years of marriage, in the interests of justice, defendant should be put into a position that would reasonably approximate or bring her close to her former standard of living.
Taking all the facts and circumstances into consideration, the court awards defendant the sum of $75 per week until her remarriage or death, commencing as of the date of the judgment to be entered herein.
Section 236 (part B, subd 7), sets forth five factors which the court shall consider in fixing child support.
(1) As previously stated, plaintiff earns approximately $31,500 per year and defendant had earnings of approximately $8,400 for the year 1981. Neither of the two infant issue have any assets which are income producing. George, age 16, and Lynne, age 14, are presently attending school.
(2) It appears that both of the children are in generally good physical and mental health. There was no evidence adduced as to any education needs beyond high school.
(3) The parties and their children had a middle-class standard of living. However, such standard of living as enjoyed before will be difficult to maintain in the future where there are now two households to maintain rather than one.
(4) The award of child support herein will be nontaxable to the defendant. However, the court will permit plaintiff to take the exemptions for George and Lynne on his income tax returns.
(5) No evidence was adduced as to any nonmonetary contributions made by the parties.
Based upon all the facts and circumstances, the court awards defendant wife the sum of $50 per week per child as child support for a total of $100 per week for child support. The award will commence with the date of entry of judgment herein, and shall continue until such child reaches the age of 21, or is sooner emancipated.
*813 In evaluating counsel fees, the court has taken into consideration the financial needs and circumstances of the parties, in addition to the services rendered herein. Accordingly, the court awards defendant the sum of $2,000 counsel fees, to be paid 30 days after the service of the judgment to be entered herein.
Plaintiff is directed to obtain two life insurance policies on his life in the amount of $50,000 each, with each child the beneficiary of each policy until such child attains the age of 21 or sooner is emancipated or deceases. Plaintiff is also directed to provide health insurance coverage for each child herein until such child attains the age of 21 or sooner is emancipated or deceases.
Defendant is awarded money judgment in the amount of $1,175 for arrears of temporary maintenance and child support pursuant to an order of this court dated March 5, 1982.
Defendant is awarded money judgment in the amount of $150 for appraisers’ fee as per order of the Hon. William Giaccio dated August 6, 1982.