■ FRANCES SZULGIT, Respondent, v KARL SZULGIT, Appellant. (Appeal No. 1.) — Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: Defendant appeals from a judgment of divorce granting plaintiff various interests in the marital property and $80 per week in maintenance. Defendant contends that the trial court erred in computing the amount of his pension to which plaintiff was entitled. The court determined that plaintiff was entitled to one half of defendant's pension rights, which were acquired during the marriage. The court found that, since defendant had worked for six years prior to the parties' marriage and for 23 years up until the time of divorce, plaintiff was entitled to a percentage of defendant's pension equal to one half of $^{17}/_{23}$ rds, or 36.95%. While this computation would be correct if defendant were now to begin drawing his pension, it fails to consider any years defendant may work subsequent to the divorce. The trial court erred in fixing a percentage of defendant's pension to which plaintiff is presently entitled. The exact percentage to which plaintiff is entitled cannot be ascertained until defendant is no longer working for his present employer. Plaintiff should receive a percentage of defendant's pension equal to one half of the fraction whose numerator is 19, the total number of years the parties were married (the trial court mistakenly found that the parties were married for 17 years), and whose denominator equals the total number of years defendant worked for his present employer. This formula accurately reflects plaintiff's half interest in defendant's pension rights which were accumulated during the marriage. The trial court also erred in failing to specify which party is responsible for paying the income taxes on plaintiff's portion of the pension award. Defendant also contends that, in light of the court's finding that neither party wasted any of the marital assets and in the absence of any finding that he concealed any assets, the court erred in awarding plaintiff one half of the value of the assets transferred within the last three years. Defendant argues that the proceeds from the assets sold within the last three years were used to reduce the marital debt and purchase other marital property and that it is inequitable to force him to pay half of the proceeds from these sales to plaintiff since the proceeds have been converted into other marital property. The trial court should have determined what happened to the proceeds from these sales. Without such a determination, the court cannot ascertain how much of the proceeds realized from these sales was subsequently reinvested into other forms of marital property. Plaintiff is only entitled to one half of the proceeds which were not reinvested into other marital property or used for marital expenses. The trial court also erred in

failing to determine which party is responsible for the mortgage payments on the marital residence. Until this responsibility is determined, it is not possible to decide whether the court's award of maintenance to plaintiff was excessive. Further, the court erred in failing to determine who is responsible for the parties' debts to Lincoln First Bank, Citibank, the West Irondequoit Federal Credit Union and the New York State Teachers' Retirement Fund. Finally the court erred in failing to clarify the relative responsibilities of the parties regarding the plaintiff's debt for medical treatment; it apportioned 80% of the debt to plaintiff in its judgment, but split the debt evenly between the parties in its conclusions of law. We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J. — divorce.) Present — Dillon, P. J., Callahan, Denman, Moule and Schnepp, JJ.