HENRY MAJAUSKAS, Appellant-Respondent, v SANDRA MAJAUSKAS, Respondent-Appellant.

Fourth Department, July 11, 1983

**APPEARANCES OF COUNSEL**

*Gerald Beckerman* and *Diana Pitts* for appellant-respondent.

*Friedman & Greenfield, P. C. (Mark A. Drexler* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

BOOMER, J.

The judgment in this divorce action awards the defendant wife maintenance, child support and a share of the husband's pension benefits. The parties were married on December 1, 1973 and this action was commenced on August 4, 1980. The husband has been a policeman since 1969 and has a vested but unmatured right to receive retirement benefits from the New York State Policemen's and Firemen's Retirement System. The husband asserts that the trial court improperly awarded the wife a share of

his pension rights since, under the language of the New York State Equitable Distribution Law (Domestic Relations Law, § 236, part B), pension rights do not constitute property subject to equitable distribution. We disagree and we concur with the holding of the trial court on this issue (110 Misc 2d 323).

The statute provides that all marital property shall be distributed equitably between the parties (Domestic Relations Law, § 236, part B, subd 5, par c). A vested pension right is a form of deferred compensation for work performed and as such constitutes property (*Damiano v Damiano,* 94 AD2d 132; see, also, *Reed v Reed,* 93 AD2d 105; *Hebron v Hebron,* 116 Misc 2d 803). Thus, unless there is an exception elsewhere in the statute, vested pension rights earned during the marriage must be equitably distributed. Does clause (4) (of paragraph d of subdivision 5) create such an exception? Paragraph d lists factors the court must consider in distributing marital property. A factor, stated in clause (4), is "the loss of inheritance and pension rights upon dissolution of the marriage as of the date of dissolution". The husband argues that since this clause mentions the *loss* of pension rights, all of the wife's rights in the husband's pension must be lost upon dissolution of the marriage and thus, the husband's pension rights cannot be subject to equitable distribution. We do not subscribe to this reasoning. Normally, the wife would have no "rights" in her husband's pension benefits. The Legislature, in using the word "rights" might have meant the wife's expectancy of benefiting from the husband's pension rights. In that case, the right or expectancy of the wife would extend not only to the husband's pension benefits earned during the marriage, but also to any pension benefits earned prior to the marriage. The benefits earned outside of the marriage would be the husband's separate property and any right or expectancy of the wife in those benefits would be lost upon divorce, while the benefits earned during the marriage would constitute marital property subject to equitable distribution. Thus, in speaking of the *loss* of pension rights, the Legislature might have had in mind the loss of any right or expectancy in the husband's

pension rights other than those rights that constitute marital property.

The dissent argues that the Legislature, in mentioning "inheritance * * * rights" and "pension rights" in the same clause, recognized them as being the same type of interest — a mere expectancy. True, any right the wife may have to inherit her husband's property is not a property right, but only a mere expectancy. But this does not affect the character of the husband's acquisitions. Property earned by the husband during the marriage is nevertheless marital property. The wife's right or expectancy of inheritance extends not only to the husband's property earned during the marriage, but also to the husband's separate property. It is only the mere expectancy in the husband's separate property that is lost by the wife upon divorce; the right to her share of his property earned during the marriage is preserved by the provisions of the statute for equitable distribution. Likewise, the wife's interest in the husband's pension may be characterized as a mere expectancy. This does not, however, affect the character of the husband's vested pension rights as property. Upon divorce, the wife will lose any expectancy of benefiting from the husband's pension rights earned outside of the marriage, but she will not lose her right to an equitable distribution of marital property, which includes the husband's pension rights earned during the marriage.

Before the New York State Legislature adopted the Equitable Distribution Law, courts in other States were almost unanimous in holding that vested pension rights earned during the marriage constitute property subject to distribution between the parties upon dissolution of the marriage (see Pension or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights Between Spouses, Ann., 94 ALR3d 176). Had the Legislature intended a contrary result in New York, we would expect it to say so in unequivocal language. Although the language of clause (4) does create some ambiguity, that equivocal language is not sufficient, in our opinion, to create an exception to the clear mandate of the Legislature that all marital property be equitably distributed.

In distributing the pension rights earned during the marriage, the judgment fixes the value of the wife's share at $14,102 and directs the husband to pay that amount in a lump sum, with interest, or, in the alternative, to pay to the wife a portion of each of the pension payments received by him during retirement. In determining the dollar value of the wife's share, the trial court erroneously assumed that the parties had stipulated the dollar value of the pension rights earned during the marriage. The record shows that, although the husband's attorney did not object to the receipt in evidence of a letter from an actuary in which he computed the value of the pension rights, the attorney did object to the method used by the actuary in making those computations. The record is insufficient for us to determine whether the lump-sum award is proper in amount and, therefore, the lump-sum award should be deleted from the judgment. Moreover, although we recognize that the trial court has broad discretion in determining the method of equitable distribution of marital property, we find it appropriate in this case that the payment of the wife's share be postponed until the husband retires, and that the wife then be paid a percentage of the payments received by the husband. Here, the pension benefits represent the only marital property and the husband lacks sufficient means to pay a lump-sum award. Little purpose will be served, therefore, in incurring the additional expense necessary to litigate the lump-sum value of the wife's share.

The court, as an alternative to a lump-sum payment, directed the husband to pay the wife a portion of each pension payment received by him, that portion being one half of a percentage derived by dividing the number of months the parties were married by the total number of months the husband will have been employed as a policeman at the time of his retirement. In illustrating the use of this formula, the court stated that the parties were married 90 months. Since the wife's interest in the husband's pension rights extends only to rights acquired before the commencement of this action, and also, since no provision was made for the payment of taxes, the court's formula should be restated (see *Szulgit v Szulgit,* 92 AD2d 712, 94 AD2d 979). The judgment should be modified, therefore, by

directing the husband, upon his retirement, to pay to the wife one half of a percentage of the amount of each pension benefit payable to him, less taxes, that percentage to be derived by dividing the number of months the parties had been married before the commencement of this action (which number is 80) by the total number of months of credits the husband will have earned toward his pension as of the date of retirement. (The restatement of the divisor will account for any credit the husband may receive for service prior to the date he became a member of the retirement system.)

Lastly, the judgment should be modified by deleting the provisions for future increases in payments for child support and for future decreases in payments for maintenance (see *Lesman v Lesman,* 88 AD2d 153, 161, app dsmd 57 NY2d 956).

SCHNEPP, J. (dissenting). While I concur with the holding of the majority that the maintenance and child support aspects of the judgment of divorce must be modified, I do not agree that a vested but unmatured pension is marital property subject to equitable distribution. An examination of the New York cases which conclude otherwise reveals that the courts focused on the nature of pension benefits and gave little or no consideration to the provisions of the Equitable Distribution Law (see *Damiano v Damiano,* 94 AD2d 132; *Reed v Reed,* 93 AD2d 105). Although in *Szulgit v Szulgit* *(supra)* we indicated that pension rights are marital property, our holding there was not based on our construction of the statute and was not necessary to the actual determination of the litigated questions before the court. Now that the issue has been fully litigated, briefed and argued, it is my view that under the statutory scheme embodied in part B of section 236 of the Domestic Relations Law pension rights are not marital property and may be considered only in the context of determining the equitable disposition of marital property.

Paragraph c of subdivision 1 of this section defines "marital property" as all property acquired during the marriage and before the commencement of the matrimonial action, regardless of the form in which title is held, except "separate property" as defined in paragraph d.

Subdivision 5 directs the court to "determine the respective rights of the parties in their separate or marital property, and * * * provide for the *disposition* thereof in the final judgment" (par a), and to *distribute* the marital property "equitably between the parties" (par c) (emphasis added). This subdivision further provides that "[i]n determining an equitable *disposition* of property under paragraph c, the court shall consider" certain enumerated factors, including "the loss of inheritance and pension rights upon dissolution of the marriage as of the date of dissolution" (par d, cl [4]) and if equitable *distribution* is appropriate but impracticable, the court, in lieu of such equitable *distribution,* may make "a distributive award in order to achieve equity between the parties" (par e) (emphasis added). The ordinary meaning of the word "distribute" is to divide and dispense in portions or to parcel out; the word "disposition" means the act of settlement (American Heritage Dictionary of the English Language [1978 ed], pp 380, 383). Thus, it appears that under this statutory plan marital property is to be equitably divided between the parties and the loss of pension rights is a factor, along with the other factors set forth in the statute, to be considered by the court in determining the manner of settlement and in attempting to achieve equity under the facts of a particular case.

Appellant husband argues that the definition of "marital property" should not be strained to encompass pension rights, since the statute specifies that the court should consider pension rights in the context of determining the disposition of the parties' marital property, and that, in disposing of the marital property, the court may award a greater share thereof to the spouse who loses pension rights. This argument is not illogical since the statutory language makes it doubtful or uncertain whether the Legislature intended to include pension rights within the broad statutory definition of marital property. At least, as the majority concedes, the language creates some ambiguity.

In order to determine the legislative intent in enacting these provisions, therefore, it is necessary to rely on recognized principles of statutory construction. This statutory scheme must be read as a whole, and all its parts must be

construed together (McKinney's Cons Laws of NY, Book 1, Statutes, § 97). Each provision must be presumed to have some useful purpose and should not be construed in such a manner as to nullify any other (*Matter of Albano v Kirby,* 36 NY2d 526, 530). Under the rule of *noscitur a sociis* the meaning of particular terms of the statute may be ascertained by reference to the words and phrases with which they are associated (56 NY Jur, Statutes, § 128, p 606). "[A]nalogous words and phrases in a statute lend color and expression to each other and [should be] construed to express the same relations" (McKinney's Cons Laws of NY, Book 1, Statutes, § 239).

When our Equitable Distribution Law is so construed, it is clear that the Legislature intended that pension rights be considered only in determining an equitable disposition of the marital property subject to equitable distribution. The statute speaks of the loss of pension rights as one of 10 factors for the court to consider in making this determination. It treats the loss of pension rights in the same manner as the loss of inheritance rights; yet inheritance rights are a mere expectancy severed by divorce and not marital property (see 14 NY Jur [rev vol], Decedent's Estates, § 131, p 365; see, also, EPTL 5-1.2, subd [a], par [1]; 5-1.4), and the "loss of inheritance" rights has been interpreted as a factor to be taken into consideration when dividing marital property (Foster, New York Equitable Distribution Divorce Law, pp 192, 233). By classing the loss of inheritance and pension rights together, the Legislature recognized them as analogous interests and intended that each be construed in the same manner and accorded the same treatment.

Furthermore, it is difficult to reconcile the broad definition of "marital property", i.e., "all property acquired by either or both spouses during the marriage *and before the * * * commencement of a matrimonial action*" (subd 1, par c [emphasis added]), with the direction that the court consider "the loss of inheritance and pension rights upon dissolution of the marriage *as of the date of dissolution*" (subd 5, par d, cl [4] [emphasis added]). To hold that pension rights are marital property makes meaningless the language "as of the date of dissolution" specified for

their loss, and violates a primary rule of statutory construction. By fixing the date that inheritance and pension rights are extinguished as the day of the dissolution of the marriage rather than the date of commencement of the action, the Legislature distinguished these two interests from actual property falling within the definition of "marital property".

The Legislature obviously took pension rights into account when it enacted the Equitable Distribution Law and provided the structure within which these rights should be considered by the courts. Certainly, the Legislature intended the loss of pension and inheritance rights to be considered when making an equitable disposition of marital property, but because of their expectant nature, did not make them marital property per se. While I recognize that the Equitable Distribution Law is a remedial statute which should be liberally construed (see McKinney's Cons Laws of NY, Book 1, Statutes, § 321), interpreting the statute in this fashion harmonizes all of its provisions and insures that each word serves a purpose and is given a consistent meaning. The fact that the statutory definition of marital property is very broad does not prohibit this interpretation because "words absolute in themselves and the broadest and most comprehensive language may be qualified and restricted by reference to other parts of the statute * * * or by the facts to which they relate, and though a statute is divided into many sections, each section is to be construed in connection with the others, and each is to be kept in subservience to the general intent of the whole enactment" (McKinney's Cons Laws of NY, Book 1, Statutes, § 97, p 215). If the statute is so construed, a nonpensioned spouse may be compensated for the "loss" of pension rights by receiving a greater portion of the marital assets or perhaps maintenance (see Foster, New York Equitable Distribution Divorce Law, pp 162-163), thus avoiding critical problems related to the determination of when pension rights accrue, how the rights should be valued, how such risk factors as mortality, survivorship, disability, termination of employment before retirement and the like should be discounted, and how the benefits

may be divided when they have no present enjoyment or availability.

Our only concern here is with vested and unmatured pension benefits in the New York State Retirement System, a noncontributory plan. My conclusion here, however, is not to suggest that contributions made to a pension plan, such as a Keogh plan, an individual retirement account plan, a contributory pension plan or a profit-sharing pension plan, where deposits have been made in an individual account in the retiree's name, may not be considered marital property and properly evaluated. Also, it is obvious that a different analysis would apply to a matured pension plan. In any event, it is unnecessary to reach these questions in this case.

Thus, in addition to modifying the maintenance and child support aspects of the judgment of divorce, I would reverse the judgment insofar as it treats plaintiff's pension rights as marital property, and I would remit the matter to Supreme Court for reconsideration and further proceedings based on the wife's loss of these rights in accordance with this opinion.

DILLON, P. J., and CALLAHAN, J., concur with BOOMER, J.; GREEN and SCHNEPP, JJ., dissent and vote to reverse in part in an opinion by SCHNEPP, J.

Judgment modified, and as modified affirmed, without costs, in accordance with opinion by BOOMER, J.