■ MARIE PERRI, Appellant, v LOUIS PERRI, Respondent. — In a matrimonial action, plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Douglas, J.), dated September 16, 1982, as (1) conditioned her receipt of any money due her upon her signing

a joint Federal income tax return for 1981, (2) determined that defendant husband's nonvested annuity from Local 829 of the Stagehand's Union was separate property, and (3) set out a distribution of the marital property. Judgment modified, on the law and the facts, by vacating the fifth and eighth decretal paragraphs and so much of the twelfth decretal paragraph as provided that "defendant shall retain exlcusive [*sic*] rights to his unvested Stagehand Union Annuity". As so modified, judgment affirmed, insofar as appealed from, with costs to the plaintiff, and matter remitted to the Supreme Court, Kings County, for a new determination with respect to the plaintiff's equitable share of the defendant's pensions and annuities, in accordance herewith. Plaintiff wife and defendant husband were married on June 22, 1958. There are three issue of the marriage, all over 18 years of age. The family lived in the marital home in Brooklyn, New York. Defendant joined the New York City Police Department soon after his marriage. He served for 20 years and retired. He receives a police pension of approximately $1,200 per month gross, or $185 per week net. Prior to the parties' separation he worked for seven years as a stagehand and is currently working as a truck driver for which his take-home pay is approximately $143 per week. Plaintiff was a homemaker and caretaker for the three children for most her married years, but, at the time of her divorce, was working as a clerk-typist. Her take-home pay was approximately $140 to $145 per week. A judgment of divorce was granted to both parties, which also provided for the distribution of marital property. The court, determined, *inter alia,* (1) that plaintiff's distributive award from the police pension was contingent upon her signing a joint Federal tax return, (2) that defendant's nonvested annuity with the Stagehand's Union Local 829 was separate property and (3) that plaintiff's share of the police pension was $180 per month, to be increased to $240 upon sale of the marital home, for a period limited to 60 months. First, the issue of whether a State court may condition a party's right to a distributive award of marital property upon the signing of a joint Federal tax return is no longer before this court. Defendant has conceded that he will not enforce this provision of the judgment. It has therefore been deleted in its entirety. Second, Trial Term erred when it determined that the unvested Stagehand Union annuity was separate property. As we recently stated: "[W]e hold that pension benefits belonging to either spouse attributable to employment during the marriage, whether those benefits are vested or nonvested, and whether the plan is contributory or noncontributory, constitute marital property subject to equitable distribution upon divorce. The marital property, however, shall include only that portion of the pension benefits which have accrued during the marriage and prior to the commencement of the divorce action (see Domestic Relations Law, § 236, part B, subd 1, par c)" (*Damiano v Damiano,* 94 AD2d 132, 139). Since there is no dispute that all the annuity benefits from the union had accrued during the marriage, plaintiff is entitled to an equitable share of the annuity. There is, however, insufficient evidence in the record to determine the value of the unvested annuity. Therefore, the case is remitted for further proceedings to determine the value and method of distribution of the annuity in accordance with *Damiano v Damiano* (*supra*). Third, the distributive award of the vested and matured police pension was not equitable. Trial Term made no attempt to determine the value of the pension nor to determine if assets were available from which a lump-sum distribution could be made (see *Damiano v Damiano,* 94 AD2d 132, 139, *supra*). In fact, rather than treating plaintiff's award of a portion of the pension as a division of marital property, Trial Term seemed to have treated it as maintenance (i.e., the amount it was necessary to take from defendant's income so as to provide minimal support for plaintiff until she earned a living wage). This approach is clearly improper. In the present case the parties to this

long marriage clearly made equal contributions to the marriage, and, at the time of the divorce, they were in relatively the same economic situation. However, plaintiff's potential was less than defendant's since she had been out of the paid work force for a long time. Under these circumstances, the division of *all* the marital property should have been close to, if not totally, equal. The award to plaintiff of less than one third of defendant's net pension from the police department for only five years is obviously inequitable in light of plaintiff's contribution to the marriage and the fact that the entire pension accrued during the period of the marriage (see *Hebron v Hebron,* 116 Misc 2d 803; *Majauskas v Majauskas,* 110 Misc 2d 323, mod 94 AD2d 494). Thus, the matter is also remitted to determine plaintiff's equitable share of the police pension in accordance with the discussion herewith and with the principles enunciated in *Damiano v Damiano* (94 AD2d 132, supra). Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur. [115 Misc 2d 478.]