■ AUGUSTE ROTH, Respondent, v KENNETH ROTH, Appellant. — Judgment affirmed, with costs. Memorandum: Plaintiff was granted a divorce, and defendant appeals only from those parts of the judgment awarding plaintiff an equitable share in the marital property and maintenance of $120 per week plus health insurance coverage. We affirm. The record demonstrates that the trial court fully considered the various factors which must be taken into account in equitably distributing marital property and awarding maintenance (see Domestic Relations Law, § 236, part B, subd 5, par d; subd 6, par a) and in its oral decision the court stated those factors and the reasons for its decision (see Domestic Relations Law, § 236, part B, subd 5, par g; subd 6, par b). In view of the 20-year duration of this marriage, the age and physical condition of plaintiff, and other factors, the court did not abuse its discretion in declining to put a temporal limit on the maintenance award. Nor is there any merit to defendant's claim that the award is excessive. We also find that the award to plaintiff of 40% of the equity in the marital real property is not excessive. During the course of this marriage the wife served as homemaker while the husband produced the income. Thus both contributed to the acquisition and improvement of the marital real estate. The parties stipulated the admission into evidence of a letter from defendant's employer which stated that the pension plan was noncontributory and that if defendant were to terminate his employment on April 5, 1982, he would be entitled, upon reaching the age of 65, to a monthly pension of $488.89. The trial court made a distributive award to plaintiff of 40% of $488.89 per month payable upon the husband's retirement at age 65. This case was tried prior to our decisions in *Szulgit v Szulgit* (92 AD2d 712, 94 AD2d 979) and *Majauskas v Majauskas* (94 AD2d 494), and does not employ the formula adopted in those cases. The trial court's award, however, is essentially in harmony with those decisions and since plaintiff has not appealed, it would be inappropriate to apply the *Szulgit-Majauskas* formula to increase the award. Finally, since this was declared to be a "distributive award", payment of pension benefits shall not be taxable to plaintiff (Domestic Relations Law, § 236, part B, subd 1, par b). All concur, Green and Schnepp, JJ., on constraint of *Majauskas v Majauskas* (94 AD2d 494). (Appeal from judgment of Supreme Court, Erie County, Wolf, J. — divorce.) Present — Dillon, P. J., Callahan, Green, O'Donnell and Schnepp, JJ.