■ EMELDA MORRISSEY, Respondent, v MICHAEL MORRISSEY, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Carey, J.), entered January 7, 1988, which, *inter alia,* after a nonjury trial, (1) awarded the plaintiff wife maintenance in the sum of $300 per week until the sale of certain marital property, (2) directed him to pay past and future educational, subsistence, clothing, medical and dental expenses for the parties' daughter Sheila until she completes college, (3) ordered the sale and equal distribution of the Irvington, Southampton, and Wyoming real estate, except for the property at 138 Old Town Road, in Southampton, (4) awarded the plaintiff a 50% share of the value of 138 Old Town Road to be paid by the defendant out of the first proceeds of the sale of the parties' residences, (5) awarded the plaintiff a 50% distributive share, or $396,250 of the defendant's medical practice to be paid from the first proceeds from the sale of the parties' residences, (6) awarded the plaintiff a lump-sum distributive award of $70,258 representing her interest in the defendant's pension rights to be paid from the defendant's share of the proceeds from the sales of the parties' residences, (7) awarded the plaintiff 50% of the proceeds of the sale of certain jointly owned property, (8) awarded the plaintiff one half of the defendant's 18% interest in 45 Ludlow Realty Corporation upon its liquidation, and (9) directed a hearing with regard to the plaintiff's request for counsel fees and expenses.

Ordered that the appeal from so much of the judgment as directed a hearing on the plaintiff's request for counsel fees and expenses is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by (1) deleting from the fourth decretal paragraph thereof the words "Sheila's past and future educational, subsistence, clothing, medical and dental expenses until she completes college", and substituting therefor the following:

"Sheila's educational, subsistence, clothing, medical and dental expenses until her attainment of the age of 21"; and (2) deleting from the eleventh subsection of the seventh decretal paragraph the words, "one-half" and substituting therefor the words, "one-fourth of the defendant's 18% interest"; as so modified, the judgment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the stay issued by the order of this court dated August 11, 1988, is hereby vacated.

The plaintiff and the defendant, 53 and 56 years old, respectively, at the time of the trial of the action, were divorced after about 30 years of marriage. The parties had four children. Although the plaintiff worked in the early years of the marriage, upon the birth of the first child, and during the ensuing years, she became primarily a homemaker, maintaining employment as a real estate broker and receptionist for a nominal income prior to the commencement of the action. The defendant is a diplomate in plastic surgery and practices through Westchester Plastic Surgery Associates, P. C. (hereinafter WPSA), and a second professional corporation Southampton Plastic Surgery. In addition, he is the chief of plastic surgery at three medical centers.

On appeal, the defendant's primary contention is that the Supreme Court erred in fully crediting the plaintiff's expert, who valued WPSA at $730,000 by using the capitalization of net earnings method, and in granting the plaintiff a 50% distributive award of the defendant's medical practice. Although he failed to present any expert testimony as to WPSA's value at trial, on appeal he advances different methodologies to arrive at new valuations, and urges that either modification or remittal to the Supreme Court, Westchester County, is warranted since the plaintiff's expert failed to take into account a variety of factors including alternative sources of investment income and pension contributions which were allegedly inappropriately attributed to WPSA.

However, as the trial court noted, the plaintiff's expert testimony on the value of WPSA was the *sole* evidence on the valuation issue. Moreover, the evidence indicates that the expert properly applied the capitalization of net earnings formula, and deducted any return of capital or investment income distributions made to the defendant individually. Whether these deductions included the investment income listed on the defendant's tax return, or whether they included other deductions for items the defendant subsequently pre-

sented at trial on a piecemeal basis, was not delved into during cross-examination. Nevertheless, there is no evidence suggesting that the expert did not account for these items. The weight of the evidence further suggests that the true earnings of WPSA amount to a figure much higher than that which appears on the corporate returns, and since the defendant had complete control over the equity and could easily have directed it from the corporation to himself personally, the expert properly adjusted the net income of the corporation to account for the personal expenses of the parties during the marriage which were paid by WPSA *(see, Siegel v Siegel,* 132 AD2d 247, 252; 3 Foster, Freed & Brandes, Law and the Family New York-Equitable Distribution § 15:3 [2d ed]). In view of the successful history of the defendant's practice and its ever increasing revenues, the expert's decision to use a multiplicant of five was appropriate and supported by the evidence *(see, Siegel v Siegel, supra).* Accordingly, it cannot be said that the trial court erred by crediting the testimony of the plaintiff's expert. Moreover, we find no basis for disturbing the trial court's award to the plaintiff of a 50% distributive share of the defendant's medical practice, especially in light of the defendant's own testimony which tended to obscure rather than clarify his true economic status.

We reject the defendant's novel theory on appeal that the $12,600 of income from a heart-blood machine which was reported on his 1985 tax return, was instead rental income from his Jackson Hole, Wyoming, condominium. This theory does not explain why he also reported income from the machine on his 1982 and 1983 returns. The trial court properly awarded the plaintiff one half of the value of this item.

The defendant failed to present any evidence or raise any issue concerning the tax consequences, if any, of a payment of the plaintiff's lump-sum award of her share of his pension rights from the proceeds of his share of the sale of the residences. Therefore the lump-sum award, without consideration of the tax ramifications, was appropriate under the circumstances *(see, Roth v Roth,* 97 AD2d 967; *Farsace v Farsace,* 97 AD2d 951, 952).

In addition, the evidence supports the trial court's determination that the devise from the defendant's mother of certain Southampton residences to the parties was a gift intended to benefit both spouses, and that these residences should be sold to aid in equitably distributing the parties' marital property *(see, Ackley v Ackley,* 100 AD2d 153, 155-156; *cf., Adams v Adams,* 129 AD2d 661, 662).

However, since the record supports the trial court's determination that only one half of the defendant's 18% interest in 45 Ludlow Realty Corporation constituted marital property, and that the plaintiff was entitled to 50% of that marital property, we have modified the judgment to accurately reflect this determination.

We also agree with the defendant that since there is no evidence that he expressly agreed to pay for the future educational, subsistence, clothing, medical and dental expenses for the parties' daughter Sheila until she completed college, and Sheila attained the age of 21 on August 3, 1988, prior to her entry into her senior year, the judgment is modified to limit the duration of the defendant's obligation until that date (see, Hirsch v Hirsch, 142 AD2d 138, 144-145).

The defendant's appeal from that provision of the judgment which directed a hearing on the plaintiff's request for counsel fees and expenses is dismissed. That provision does not determine the issue and does not affect a substantial right (CPLR 5701 [a] [2] [v]), and is, therefore, not appealable as of right (see, e.g., Astuto v New York Univ. Med. Center, 97 AD2d 805).

We have considered the defendant's remaining contentions and find that there is no basis for further modification of the judgment. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.