█ FREDERICK COWLEY, Appellant, v CAROL COWLEY, Respondent. [789 NYS2d 358]—

Appeal from an order of the Supreme Court, Monroe County (Joseph D. Valentino, J.), entered October 10, 2003. The order denied plaintiff's motion to vacate a qualified domestic relations order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating that part denying the motion with respect to military service credit and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: Plaintiff and defendant were married on June 19, 1970 and were divorced by a judgment dated April 12, 1987. The judgment of divorce provided in pertinent part that:

"Plaintiff's pension through the New York State Employee's Retirement System be distributed pursuant to a Qualified Domestic Relations Order [QDRO] to be separately entered and said distribution is to be based upon the formula set forth in the Appellate Division decision in *Szulgit vs. Szulgit* [92 AD2d 712], and Defendant's marital share therein shall be determined as fifty percent (50%) as of the date of this Judgment."

In February 2003, a QDRO was filed providing for the distribution of plaintiff's pension based on the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]). Plaintiff moved by order to show cause to vacate the QDRO on the ground that it did not comply with the judgment of divorce. Supreme Court denied the motion.

Plaintiff contends that the court erred in upholding a QDRO directing that the pension be distributed based on the *Majauskas* formula when the judgment of divorce cited this Court's holding in *Szulgit* for the distribution of plaintiff's pension. In *Szulgit*, this Court determined that the "[p]laintiff should receive a percentage of defendant's pension equal to one half of the fraction whose numerator is . . . the total number of years the parties were married . . . and whose denominator equals the total number of years defendant worked for his present employer" (92 AD2d at 712). Subsequently we granted reargument and restated the *Szulgit* formula (*see Szulgit v Szulgit*, 94 AD2d 979 [1983]) and we relied on the restated formula in *Majauskas v*

*Majauskas* (94 AD2d 494, 497-498 [1983]). That restated formula was affirmed by the Court of Appeals in *Majauskas* (61 NY2d 481, 492). *Majauskas* and *Szulgit* have been cited interchangeably for the formula governing equitable distribution of pension-related benefits (*see e.g. McCoy v Feinman*, 99 NY2d 295, 303 [2002]; *Von Buren v Von Buren*, 252 AD2d 950 [1998]; *Zacharek v Zacharek*, 116 AD2d 1004, 1005 [1986]; *Biddlecom v Biddlecom*, 113 AD2d 66, 68 [1985]; *Roth v Roth*, 97 AD2d 967 [1983]). Thus, the QDRO ordering distribution pursuant to the *Majauskas* formula did not broaden defendant's interest in plaintiff's pension.

Plaintiff further contends that the QDRO increased defendant's benefits to include credit for vacation and compensatory time, credit for military service, and increased benefits resulting from a contract dispute settlement. If the rights to those forms of compensation were earned, in part, during the period when plaintiff and defendant were married, the benefits are marital property subject to distribution under the *Majauskas* formula (*see Olivo v Olivo*, 82 NY2d 202, 207-208 [1993]). Because the vacation and compensatory time credit and the contract dispute settlement were modifications of plaintiff's pension assets and not the creation of new assets, they are deferred compensation and were properly included in the equitable distribution of plaintiff's pension-related benefits (*see id.*).

The military service credit should also be shared. However, because an issue of fact exists whether the parties were married during plaintiff's military service, the proper numerator under the *Majauskas* formula cannot be determined. Additionally, because plaintiff paid $6,500 in nonmarital funds to purchase additional military service credit, defendant should be responsible for her share of the cost if she opts to share in those benefits. Thus, we modify the order by vacating that part denying plaintiff's motion with respect to military service credit, and we remit the matter to Supreme Court to determine following a hearing, if necessary, whether the parties were married during plaintiff's military service and, if so, defendant's share of the military service credit cost. Present—Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.