■ KATHLEEN T. GRAEPEL, Respondent, v GLENN G. GRAE-

PEL, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Feiden, J.), entered July 1, 1985, as, (1) awarded the plaintiff wife an equal share of the net proceeds from the future sale of the marital residence, (2) directed him to pay the plaintiff $100 per week for her maintenance for a period of 10 consecutive years and $47.50 per week per child for the support of each of the four infant children of the marriage, (3) awarded the plaintiff a one-third share of his net periodic retirement benefits accrued during the marriage, (4) awarded the plaintiff the sum of $2,204.18 as arrears owed by him pursuant to a previous court order, (5) set forth a schedule for visitation of the parties' children by him, and (6) awarded the plaintiff $2,000 in counsel fees.

Ordered that the judgment is modified, on the law, the facts and in the exercise of discretion, by (1) striking the fourth decretal paragraph thereof, (2) deleting from the fifth decretal paragraph thereof all the words following the words "shall pay to the plaintiff the sum of", up to and including the words "plus the sum of", and deleting therefrom all the words following the words "maintenance of the four (4) children", and (3) striking the eighth and tenth decretal paragraphs thereof. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith to determine (1) a schedule for visitation of the children by the defendant, (2) the amount and duration of maintenance to be paid to the plaintiff by the defendant, (3) the plaintiff's equitable share of the defendant's retirement benefits, and (4) the amount of arrears owed by the defendant to the plaintiff. Pending the determination of the Supreme Court, Nassau County, the defendant shall continue to make the payments of maintenance and child support in the amounts required by the judgment under review, and the visitation scheduled provided in the judgment shall remain in effect.

The only marital assets of the parties were the marital residence and the defendant's pension. In awarding the plaintiff an equal share of the proceeds to be realized from the sale of the marital residence at the time the youngest child attains the age of 21 years or is sooner emancipated, Special Term effectuated the purpose and intent of equitable distribution. Although no testimony was presented as to the value of the defendant's pension, Special Term properly awarded the plain-

tiff a one-third share of that portion of the net periodic pension benefits attributable to employment during the marriage that the defendant will begin to receive at the time of his retirement. Since there were insufficient marital assets from which to derive a large lump-sum payment and various contingencies rendered the determination of present value difficult, this method of distribution was proper (see, *Rodgers v Rodgers*, 98 AD2d 386, *appeal dismissed* 62 NY2d 646; *Damiano v Damiano*, 94 AD2d 132). However, because there was no evidence of when the defendant became a participant in his retirement plan, it was not possible to determine the length of time prior to the commencement of the divorce action that the defendant accumulated benefits (see, Domestic Relations Law § 236 [B] [1] [c]; *Majauskas v Majauskas*, 61 NY2d 481). Therefore, the matter must be remitted to the Supreme Court, Nassau County, to determine the commencement date of the defendant's participation in his pension plan. This will enable the trial court to calculate the fraction by which the plaintiff's one-third share should be multiplied to determine the amount of her entitlement. The numerator of this fraction shall be the number of months between the time of the beginning of the defendant's participation in his pension plan and the commencement of the divorce action, while the denominator will consist of the total number of months during which the defendant accumulated benefits (see, *Damiano v Damiano*, *supra*, at pp 139-140; *see also*, *Szulgit v Szulgit*, 94 AD2d 979).

With respect to the maintenance award, the trial record does not adequately reveal the amount the plaintiff earns at her current job or her future earning capacity, and the period of time it will take her to become self-supporting. Therefore, the trial court was unable to properly consider, as required, certain of the factors enumerated in Domestic Relations Law § 236 (B) (6) (a) and, thus, the matter must be remitted for a further hearing on the issue of maintenance (see, *Menegis v Menegis*, 95 AD2d 825). In the interim, the payments required by the judgment under review, prior to this court's modification, shall continue to be made by the defendant. We note that in order for the defendant to take advantage of a tax deduction to which he is duly entitled, the new judgment will have to recite that the defendant's obligation to pay maintenance will terminate upon the death of the plaintiff (see, 26 USC § 71 [b] [1] [D]; *Golob v Golob*, 122 AD2d 866).

Prior to the trial, the plaintiff moved for a judgment of arrears allegedly due under previous temporary orders of support. This motion was referred to the trial court. At the

trial, no testimony was taken on the subject of arrears, and the sharply conflicting affidavits submitted after the trial were insufficient to ascertain the amount, if any, to be awarded. Since the disputed issues of fact were never resolved at a hearing, the entry of a money judgment was improper (see, Colabella v Colabella, 86 AD2d 643).

The trial court in its memorandum decison, granted the defendant such reasonable visitation rights as to be agreed upon by the parties. No agreement was reached and the court adopted the visitation schedule proposed by the plaintiff. In our view, this schedule does not adequately take into account the fact that the defendant must often work on weekends in order to maximize his overtime pay, which enables him to meet his child support and maintenance obligations. The schedule of visitation should be reconsidered upon remittal of the matter to the trial court. In the interim, the visitation schedule as provided in the judgment shall remain in effect.

Although the current income of the plaintiff was not precisely determined (see, Domestic Relations Law § 236 [B] [7] [a] [1]), there were sufficient facts in the record to support the trial court's award of child support. Finally, we find that the award of counsel fees was not excessive. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.