■ DOREEN TERESZKIEWICZ, Respondent, v CONSTANTINE TERESZKIEWICZ, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief from so much of a judgment of the Supreme Court, Suffolk County (Roncallo, J.), dated April 2, 1984, as (1) awarded the plaintiff wife the principal sum of $82,666.50, representing a one-half interest in the present value of the defendant's retirement benefits; (2) awarded the plaintiff the sum of $200 per week for her support and maintenance; (3) awarded the plaintiff counsel fees in the sum of $5,000; and (4) directed that the defendant transfer his interest in the marital residence, valued at $32,500, to the plaintiff as part of her lump-sum distributive award of his retirement benefits.

Ordered that the judgment is modified, in the exercise of discretion, by (1) deleting the third decretal paragraph thereof and substituting therefor a provision directing the immediate sale of the marital residence with the net proceeds to be divided equally between the parties, and (2) deleting the fourth decretal paragraph thereof. As so modified, the judgment is affirmed, insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme

Court, Suffolk County, for a recomputation of the plaintiff's interest in the defendant's retirement benefits and for further proceedings consistent herewith.

Special Term properly determined that the plaintiff was entitled to an equitable share of the defendant's retirement benefits (see, Damiano v Damiano, 94 AD2d 132, 136-137). "A vested pension right is a form of deferred compensation for work performed and as such constitutes property" (Majauskas v Majauskas, 94 AD2d 494, 495, affd 61 NY2d 481). However, the court's determination with respect to the value of the benefits was inadequate. Special Term accepted the testimony of the plaintiff's expert to the effect that the current value of the defendant's retirement benefits was $165,333. That calculation was based upon an 8% interest rate applied to the annual sum of $16,869.64 which the defendant would be entitled to receive upon his retirement at the age of 55. The defendant's expert, on the other hand, based his calculations on the normal retirement age of 65 and an interest rate of 10¾%. Aside from the disparities in the respective experts' choices of retirement ages and interest rates on which to base their calculations, Special Term may well have lost sight of the caveat that "actuarial testimony should not be viewed as talismanic for it may fail to account for a number of possibilities, including, but not limited to, forfeiture, abandonment of pension rights prior to vesting, inflation and liability for taxes" (Rodgers v Rodgers, 98 AD2d 386, 392-393, appeal dismissed 62 NY2d 646). In the instant case, there is no indication in the record that the court afforded any consideration to the defendant's tax liability. It was patently unfair to the defendant that the value of the pension was not discounted by the amount of income tax required to be paid by him.

This court has expressed a predilection for lump-sum distributive awards where the amount the nonemployee spouse will receive is small and there is sufficient marital property to be awarded in lieu of a deferred interest on the ground that enforcement problems may thereby be avoided and finality achieved before the actual receipt of retirement benefits which may be years in the future (Rodgers v Rodgers, supra). Where, however, a spouse lacks sufficient means to pay a lump-sum award, he can instead be directed to pay, upon his retirement, a percentage of each benefit payable to him less taxes (Majauskas v Majauskas, supra). Special Term, upon remittitur, should reconsider the parties' finances with a view towards such factors as inflation and tax liability, and consider the

appropriateness of awarding the plaintiff either a specific share of the periodic pension benefits which the defendant will receive in the future or a lump-sum payment.

In view of the foregoing, the best course of action would be to direct the sale of the marital residence, rather than to direct the defendant to convey his interest as part of a distributive award of his retirement benefit. It should be noted that the defendant has been residing there, while the plaintiff has resided elsewhere. The trial court did not direct the sale of the marital residence because the wife, who had not yet reached the age of 55, would have incurred capital gains tax liability. This reason is no longer applicable.

We perceive no basis to overturn Special Term's determination awarding the plaintiff maintenance and counsel fees. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.