■ Gesidio Buzzeo, Appellant, v Ria Buzzeo, Respondent.— In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a resettled judgment of the Supreme Court, Suffolk County (Roncallo, J.), dated June 30, 1987, as requires him to pay the defendant wife $100 a week, to commence retroactively as of the date of the original judgment, representing an equitable distribution of his pension benefits accrued during the marriage.

Ordered that the resettled judgment is reversed insofar as

appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination with respect to the manner of distribution of the defendant's equitable share of the plaintiff's pension, in accordance herewith.

That portion of the husband's pension benefits which accrued during the marriage and prior to the commencement of the divorce action was properly treated as marital property subject to equitable distribution *(see,* Domestic Relations Law § 236 [B] [5] [d] [4]; [1] [c]; *see also, Majauskas v Majauskas,* 61 NY2d 481, 485-486). Since there is no dispute as to the valuation of the pension nor the equitable share awarded the wife, we do not reach these issues. However, the procedure set forth by the Trial Judge for the distribution of the wife's share of the pension payments to be received by the husband in the future was inappropriate.

The court, apparently as an alternative to a lump-sum payment, directed the husband to begin making present payments to the wife of a portion of the periodic pension benefits which he would receive only upon retirement. In effect, the court treated the wife's award of a portion of the pension as an additional source of maintenance, rather than as a division of marital property, an approach this court has heretofore rejected *(see, Rodgers v Rodgers,* 98 AD2d 386, 393, *appeal dismissed* 62 NY2d 646; *Perri v Perri,* 97 AD2d 399, 400; *D'Amato v D'Amato,* 96 AD2d 849, 850). Therefore, the matter is remitted to the Supreme Court for determination of the appropriate method of distribution within the following parameters.

There are two recognized methods for distribution of pension benefits. The court can either direct that the nonemployee spouse be given a lump-sum payment discounted for present value or, in the alternative, a deferred distributive award consisting of a specific share of the periodic pension benefits which the husband will receive in the future *(Majauskas v Majauskas, supra; Damiano v Damiano,* 94 AD2d 132, 139).

This court has repeatedly expressed a preference for a lump-sum award, in lieu of a deferred distributive award, where the amount the nonemployee spouse will receive is small and there is sufficient marital property from which a lump-sum distribution can be made *(see, e.g., Tereszkiewicz v Tereszkiewicz,* 128 AD2d 605; *Graepel v Graepel,* 125 AD2d 447; *Rodgers v Rodgers, supra,* at 392; *Damiano v Damiano, supra,* at 139). However, where sufficient assets for a lump-

sum payment do not exist, the court may direct the recipient of the pension benefits to make the required payments as they are received upon retirement *(see, Graepel v Graepel, supra; McDermott v McDermott,* 119 AD2d 370, *appeal dismissed* 69 NY2d 1028; *Rodgers v Rodgers, supra,* at 392-393). On remittitur, the court is to select 1 method of distribution and not a hybrid form of the 2.

We further note that there is no indication in the record that the court considered the tax liability on that portion of the pension to be distributed to the wife *(see, Rodgers v Rodgers, supra,* at 392-393; *Tereszkiewicz v Tereszkiewicz, supra).* Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.