■ OAKLEY M. GENTRY, III, Respondent, v KAREN G. STEVENS, Appellant. (Action No. 1.) KAREN STEVENS, Appellant, v OAKLEY M. GENTRY, III, et al., Respondents. (Action No. 2.)— In consolidated actions, one for specific performance of a separation agreement (action No. 1) and the other, *inter alia,* for partition of real property (action No. 2), the wife appeals (1) from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 21, 1987, which, *inter alia,* upon granting summary judgment to the husband in action No. 1, directed specific performance of the separation agreement, and dismissed the complaint in action No. 2 and (2) from so much of an order of the same court dated May 20, 1987, as denied her motion to renew.

Ordered that the appeal from the judgment is dismissed as academic in light of the determination on the appeal from the order; and it is further,

Ordered that the order dated May 20, 1987 is reversed insofar as appealed from, the wife's motion to renew is granted and, upon renewal, the judgment dated January 21, 1987 is vacated, the husband's motion for summary judgment is denied and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

The parties modified their separation agreement in 1981, *inter alia,* to provide for the sale of the marital home. The agreement gave the husband the right to determine the purchase price "but not in excess of $70,000", and limited the wife's share of the sales proceeds to $14,000. The sale to a third party, which was referred to in the agreement, did not occur, and, in 1985, the husband brought action No. 1 to require the wife to convey her interest in the home to him for

$14,000. The wife, contending that her agreement to accept $14,000 was conditioned on sale to a third party for less than $70,000, brought action No. 2 for partition or a court-directed sale. The court found that the agreement was unambiguous with respect to the wife's interest in the property and granted summary judgment to the husband.

We disagree and find that the agreement, when read as a whole, is ambiguous. Whether the parties intended the wife's acceptance of a $14,000 interest to be conditioned on the sale of the property for less than $70,000 cannot be determined from the face of the agreement. Where such an ambiguity exists, extrinsic evidence can be considered by the court (see, e.g., Chimart Assocs. v Paul, 66 NY2d 570; Posh Pillows v Hawes, 138 AD2d 472). Here the parties submitted affidavits which, rather than resolving the ambiguity, raise issues of credibility. Summary judgment was therefore improperly granted (see, Carvel Corp. v Rait, 117 AD2d 485).

The matter is remitted to Supreme Court, Suffolk County, for further proceedings, including determination of pending discovery motions which were denied as moot. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.