■ ROBERT J. KYLE, Respondent-Appellant, v EILEEN M. KYLE, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered October 17, 1986, which, *inter alia,* after a nonjury trial, (a) awarded her maintenance in the sum of $125 per week for a period of three years, (b) in effect, denied her application to reopen the trial for the purpose of taking testimony regarding the value of the plaintiff husband's license as a school principal and for a further determination of equitable distribution based on the value of the license, and (c) in effect, denied her request for reimbursement for necessaries; and (2) the plaintiff husband cross-appeals, as limited by his brief, from stated portions of the same judgment which, *inter alia,* (a) awarded the defendant wife the sum of $6,218.15, representing the defendant's counsel fees and disbursements, (b) based, *inter alia,* upon a valuation of the marital residence at $82,500, computed the defendant's distributive award to be $56,137.32, and (c) directed him to pay the defendant 96 monthly installments of $584.76 representing the defendant's distributive award.

Ordered that the judgment is modified, on the law and the facts, by deleting the second, third and ninth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination with respect to the manner of the distribution of the defendant's equitable share of the plaintiff's pension and the plaintiff's share of the marital premises and the award of maintenance to the defendant; and it is further,

Ordered that pending the new determination and entry of judgment thereon upon remittitur, the plaintiff shall pay to the defendant the sum of $125 per week as maintenance.

The defendant and the plaintiff were married for approximately 32 years and, at the time of the trial, the plaintiff was 56 years old and the defendant was 54 years old. The plaintiff is employed as an assistant principal and had a base salary of $40,033 in 1985. The defendant worked for nine years as a clerk for the telephone company. She left her position in about 1957 to raise the parties' children. Although the plaintiff had a high school education at the time the parties were married, during the marriage he acquired a Bachelor's degree, a Master's degree, a teacher's license and a license as a New York State administrator and supervisor. The defendant's formal education ended with high school. During the marriage, the defendant worked part time for a six-month period for a school district, and returned to the telephone company for only a two-week period.

Upon a review of the record in this case, we find that the direction that the plaintiff pay the defendant a distributive award of his unmatured pension in installment payments of $584.76 a month for eight years is unreasonable, as the plaintiff does not have sufficient means to make such payments. Furthermore, the installment payment arrangement conflicts with the holding of *Buzzeo v Buzzeo* (141 AD2d 490), wherein this court stated: "There are two recognized methods for distribution of pension benefits. The court can either direct that the nonemployee spouse be given a lump-sum payment discounted for present value or, in the alternative, a deferred distributive award consisting of a specific share of the periodic pension benefits which the husband will receive in the future *(Majauskas v Majauskas* [61 NY2d 481], *supra; Damiano v Damiano,* 94 AD2d 132, 139)."

The hybrid form of distribution utilized in this case does not conform with this rule. Accordingly, the defendant should have been awarded a share of each payment to which the plaintiff is entitled when he receives those payments. Based on the record before us, we are unable to determine the portion of each monthly benefit to be paid to the defendant. Therefore, we remit this matter to the Supreme Court to calculate the pension plan award in conformity with the formula set forth in *Majauskas v Majauskas* (94 AD2d 494, 497-498, *affd* 61 NY2d 481, *supra).*

Our determination with respect to the distribution of the

pension necessarily has an impact upon that portion of the judgment which awarded the plaintiff an interest in the marital premises totaling $38,500 and directed that this sum be applied "as an offset against the sum found payable to defendant as her distributive share of the marital assets", since the major portion of that sum is the defendant's share of the husband's pension. Similarly, the method of distribution of the marital residence may affect the award of maintenance. We cannot determine either of these awards on this appeal. Rather, we anticipate that adjustments will be necessitated by our ruling with regard to the pension and, therefore, vacate the affected portions of the judgment in order to permit the Supreme Court to fashion an equitable resolution.

In addition, we find that the court properly denied the defendant's application to reopen the trial for the purpose of taking testimony regarding the value of the plaintiff's principal's license and determining the amount, if any, to which the defendant is entitled with respect to that license. At the trial, the plaintiff testified that he still needed two courses in order to obtain his principal's license. The plaintiff never completed the educational requirements for a principal's license and did not acquire his principal's license during the marriage (cf., McGowan v McGowan, 142 AD2d 355). Therefore, his uncompleted course of studies in possible anticipation of obtaining a principal's license in the future does not constitute marital property susceptible to equitable distribution (see, O'Brien v O'Brien, 66 NY2d 576).

We have examined both the plaintiff's and the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.