■ EARL F. ST. JOHN, JR., Respondent, v ELLEN M. ST. JOHN, Appellant.—In an action for specific performance to compel the sale of the former marital residence, the defendant appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 21, 1989, which denied her motion for summary judgment.

Ordered that the order is affirmed, with costs.

Pursuant to a separation agreement entered into by the parties in 1974, the plaintiff executed a deed conveying his share of the marital premises to the defendant subject to the defendant assuming the mortgage. Upon the defendant's remarriage, the house was to be sold and the proceeds evenly shared, with the defendant being reimbursed for the "amortization payments" made by her between the date of the execution of the agreement and the date of closing of title.

We agree with the Supreme Court's determination that since a material issue of fact exists as to the proper interpretation of the term "amortization payment" (i.e., whether it includes mortgage interest and principal or simply principal), the defendant was not entitled to summary judgment *(see, Coley v Michelin Tire Corp.,* 110 AD2d 870). Moreover, the court could properly resort to the use of extrinsic evidence in

order to resolve the ambiguity in the parties' agreement *(see, Lerner v Lerner,* 120 AD2d 243, 247). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.