■ FRANCES P. NEUMARK, Respondent-Appellant, v MAT-THIAS NEUMARK, Appellant-Respondent.—In a matrimonial action in which the parties were divorced by order and judgment dated October 30, 1984, the defendant former husband appeals, as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (DiFede, J.H.O.), dated July 12, 1990, as amended August 14, 1990, which, *inter alia,* (1) directed him to convey his interest in the marital residence to the plaintiff, (2) directed him to pay to the plaintiff the sum of $101,535.91 in accrued arrears, (3) directed him to pay to the plaintiff the sum of $61,369.93 in pension benefits, and (4) reduced the plaintiff's maintenance to $800 a month plus $200 a month for arrears which have accrued since September 30, 1989, and the plaintiff wife cross-appeals from stated portions of the order and judgment, which, *inter alia,* (1) directed the Westchester County Commissioner of Public Safety to execute a deed conveying the plaintiff's interest in the parties' rental prop-

erty to the defendant, and (2) appointed the defendant the agent of the plaintiff for the sale of the parties' unimproved property in New Hampshire.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof which awarded the plaintiff $61,369.93 in pension benefits, (2) deleting the provision thereof reducing the plaintiff's maintenance to $800 a month effective January 1, 1988, plus $200 for arrears which have accrued since September 30, 1989, and substituting therefor a provision reducing the plaintiff's maintenance to $500 a month effective March 1, 1988, plus $200 for arrears which have accrued since September 30, 1989, and (3) deleting the provision thereof awarding the plaintiff $101,535.91 in accrued arrears and substituting therefor a provision awarding the plaintiff $99,255.91 in accrued arrears; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The parties were divorced in 1984 after a long marriage of approximately 25 years. At the time of their divorce, the defendant was 57 years old and employed as an executive by the Supermarkets General Corporation. He was earning more than $100,000 a year and he had pension and profit-sharing plans with his employer. The plaintiff was 62 years old. She had worked as a psychiatric social worker, from 1974 until January 1982. She subsequently lost her certification as a social worker which rendered her unemployable in that field.

The plaintiff was awarded maintenance of $2,500 a month until her death or remarriage. The plaintiff was also awarded a 50% interest in the defendant's vested pension benefits to the extent that such benefits had accrued during the marriage. In addition, the defendant was required to pay the mortgage and taxes on the marital residence (currently $942 a month), which was awarded to the plaintiff, and he was required to maintain a life insurance policy for her benefit (currently $90 a month).

The defendant was forced to retire due to a leveraged buy-out of Supermarkets General Corporation, and, upon the advice of counsel, he stopped making maintenance payments to the plaintiff on January 1, 1988. The following month, he moved to modify his maintenance obligation. The plaintiff cross-moved, *inter alia,* to compel the defendant to pay her 50% of his retirement benefits.

There are two recognized methods for the distribution of pension benefits, whether or not those benefits are vested. The court can either direct that the nonemployee spouse be given a lump-sum payment discounted for present value or, in the alternative, a deferred distributive award consisting of a specific share of the periodic pension benefits which the employee spouse will receive in the future (see, Majauskas v Majauskas, 61 NY2d 481; Kyle v Kyle, 156 AD2d 508, 509; Damiano v Damiano, 94 AD2d 132, 139).

The hybrid form of distribution utilized in this case does not conform with this rule. The trial court found that the plaintiff is entitled to 50% of the defendant's pension benefits which had accrued from the date of the defendant's employment by Supermarkets General Corporation on September 14, 1974, to the date of the commencement of the divorce action on March 19, 1982, a period of 90.17 months. From January 1, 1988, to May 1, 1989, a period of 16 months, the defendant received pension benefits of $1,490 a month and the trial court found that the plaintiff's 50% share of those benefits amounted to $11,880. After May 1, 1989, the defendant's pension benefits were reduced to $1,334.49 per month and the trial court found that the plaintiff's 50% share for the remaining 74.17 months amounted to $49,489.93. Thus, the trial court determined that the total value of the defendant's pension benefits to which the plaintiff is entitled is $61,369.93. The trial court did not, however, reduce that amount to present value.

Based on the record before us, we are unable to determine the present value of the defendant's pension benefits to which the plaintiff is entitled. Thus, we remit this matter to the Supreme Court for a hearing in accordance herewith.

The defendant has met his burden of showing a substantial change of circumstances in order to justify a downward modification of maintenance (see, Alfano v Alfano, 151 AD2d 530, 531). However, even at the reduced amount of $1,000 a month ($800 plus $200 for arrears), the defendant is currently spending more than half of his monthly income on payments to the plaintiff or for her benefit. Maintenance is, therefore, further reduced to $500 a month and the defendant shall continue to pay the plaintiff $200 a month for arrears which have accrued since September 30, 1989. The plaintiff also receives approximately $400 a month in Social Security benefits. Moreover, the parties have been directed to sell their New Hampshire property, of which the plaintiff is entitled to half. Upon the sale of that property and the payment by the defendant of the

arrears that he owes her, the plaintiff will have an additional source of income.

The plaintiff is entitled to maintenance arrears of $5,000 ($2,500 per month) for the months of January and February 1988 (see, Domestic Relations Law § 236 [B] [9] [b]), and $9,500 for the 19-month period from March 1, 1988, through September 30, 1989. In addition, the defendant has conceded that he owes the plaintiff accrued maintenance arrears of $28,897.24 plus $8,180. The plaintiff is also entitled to $51,203.67 in arrears for mortgage payments and taxes on the marital residence. After deducting an offset of $3,525, the total amount of arrears to which the plaintiff is entitled equals $99,255.91.

We note that the arguments raised in Points II and III of the defendant's brief are not properly before this Court. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.