■ JULIET DERASMO, Appellant, v FRANK DERASMO, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated March 23, 1985, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 17, 1990, which, *inter alia,* (1) granted the defendant's motion to compel her to execute a "waiver of dependency exemption" tax form, and (2) denied that branch of her cross motion which was for enforcement of the defendant's obligations under Article XXIV of the parties' separation agreement, and the judgment of divorce.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the plaintiff's cross motion which was for enforcement of the defendant's obligations under Article XXIV of the parties' separation agreement, and the judgment of divorce; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

The parties were divorced in 1985. In 1990, the defendant former husband moved to compel the plaintiff former wife to execute a "waiver of dependency exemption" tax form which was necessary in order for him to claim their child as a dependent on his income tax returns. We find that the court did not err in directing the plaintiff to execute this form, as the parties' separation agreement provided that the defendant would be permitted to claim their child as a dependent for income tax purposes.

The plaintiff's cross motion for various relief under the separation agreement was denied. We find that the Supreme Court erred in summarily denying that branch of the cross motion which was for enforcement of those provisions of the separation agreement and divorce judgment which require the defendant to provide hospitalization and medical insurance and dental care for their child. Although the defendant claims that a stipulation in a Family Court proceeding in June 1987 modified that obligation, the terms of the stipulation are ambiguous. Where the terms of an agreement are ambiguous, the court may consider extrinsic evidence as to the intent of the parties *(see, e.g., Gentry v Stevens,* 145 AD2d 532). In view of the factual issue regarding the proper interpretation of the stipulation, a hearing is required *(see, e.g., Gray v Pashkow,* 79 NY2d 930; *St. John v St. John,* 161 AD2d 572; *Stukalin v Stukalin,* 147 AD2d 632). At the hearing, the defendant may raise his claim that the plaintiff is collaterally estopped from seeking such relief due to previous Family Court proceedings. Since the matter is being remitted for a hearing, we reject the defendant's contention that the plaintiff's late service of a net worth statement pursuant to 22 NYCRR 202.16 (g) requires dismissal of her cross motion *(cf., Siddiqui v Siddiqui,* 118 AD2d 846).

The plaintiff's remaining contention is without merit. The Supreme Court correctly held that the plaintiff's papers contained insufficient information to establish grounds to modify the previous judgment and orders in this case. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.