■ LORAINE TIRELLA, Appellant, v CARL TIRELLA, Respondent. [670 NYS2d 889] —In a matrimonial action in which the parties were divorced by judgment dated June 28, 1996, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered March 10, 1997, as granted the defendant credit against his child support obligation for payments made by the Social Security Administration on behalf of the children of the marriage.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the intention of the parties with regard to that portion of the stipulation dated November 26, 1996, concerning payments made by the Social Security Administration on behalf of the parties' children, and whether those payments are to be credited against the defendant's child support obligation.

On November 26, 1996, the parties stipulated in open court

to settle the defendant's child support arrears, estimated at $60,000, for $45,000, and to reduce the defendant's child support obligation from $300 per week to $230 per week, based upon the defendant's representation that he was receiving only $75 per week in disability payments. Although the parties acknowledged that the defendant was expecting to receive Social Security disability benefits for himself and his children, it is unclear if they intended that the defendant receive a credit against his child support payments for those Social Security benefits which are paid on behalf of the children.

Where the terms of a stipulation are ambiguous, the court may consider extrinsic evidence as to the intent of the parties (*see, Derasmo v Derasmo*, 190 AD2d 655; *Ackerberg v Ackerberg*, 154 AD2d 414). Accordingly, a hearing is required to determine the intention of the parties on the issue of whether the defendant may take a credit in his child support payments to reflect the Social Security disability payments received on behalf of the parties' children. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.