OPINION OF THE COURT
Anthony L. Parga, J.
It is ordered that the motion by the defendant wife for an order awarding her (1) expert fees in the sum of $2,500 for the purpose of evaluating plaintiff husband’s alleged enhanced earning capacity, and (2) interim counsel fees in the sum of *915 $10,000 is denied in its entirety (see, West v West, 213 AD2d 1025; Kyle v Kyle, 156 AD2d 508).
The partjes were married on December 1, 1973. The defendant contends that the future earning potential of the plaintiff, a police officer with the Rockville Centre Police Department since 1974, “was directly enhanced by the result of years of education, preparatory classes, seminars and three civil service examinations” during the marriage. In 1988, plaintiff passed the civil service examination to become a sergeant. Three years later he was promoted to that rank and consequently received an increase in salary.
Defendant argues that although the plaintiff did not obtain a college degree, his “enhanced earning capacity is a marital asset, which was attainable only as a result of [her] contribution to [p]laintiffs needs, care, studies and performance of any duties he would have attended to in [their] home and for [their] children during the times he was studying”. Defendant relies principally on the 1991 Supreme Court, Monroe County, decision of Allocco v Allocco (152 Misc 2d 529) in support of her contentions and her position that she needs to retain an expert for the purpose of evaluating the plaintiffs enhanced earning capacity for equitable distribution. In Allocco, the court held that the college degrees obtained by the husband during the marriage enhanced his earning capacity because his course , of studies enabled him to successfully pass civil service examinations and subsequent interviews for the rank of police sergeant and lieutenant.
In essence, the defendant seeks to further expand the Court of Appeals remedial holdings in McSparron v McSparron (87 NY2d 275) and O’Brien v O’Brien (66 NY2d 576) (as well as their progeny) which permit the trial court “to include in the marital estate the present value of any increased earning capacity attributable to a professional license [or educational degree] earned during the marriage” (McSparron v McSparron, 87 NY2d 275, 285 [emphasis added]). O’Brien’s core premise in recognizing professional licenses as marital property is its concept that “spouses have an equitable claim to things of value arising out of the marital relationship” (O’Brien v O’Brien, 66 NY2d 576, 583). The defendant thus seizes upon O’Brien’s rationale to reach the conclusion that the enhanced earning potential of plaintiffs law enforcement career due to his promotion to the rank of sergeant is a “thing of value”, a distinct marital asset which is subject to an equitable distribution between the parties, regardless of whether the plaintiff *916 obtained an educational degree in the process. This premise is supported by two cases in the First Department and espoused by one legal commentator, that when “efforts of the parties, during marriage, have resulted in a demonstrated economic benefit, that benefit should belong to both, no matter the shape or form the asset takes” (Scheinkman, New York Law of Domestic Relations § 14.30, at 472; see, Elkus v Elkus, 169 AD2d 134, 138-139; Golub v Golub, 139 Misc 2d 440, 444-445; see also, Allocco v Allocco, 152 Misc 2d 529, supra).
However, this court declines to follow the line of reasoning found in the above-cited cases and commentary in the case at bar. Creating an intangible asset where there is no logical or tangible basis upon which or from which it can be identified and traced introduces a legal fiction which would lead to significant speculation and grossly unfair, unjust and inequitable results. Here defendant’s own expert, a certified public accountant, does not proffer any reason why plaintiff purportedly has an enhanced earning capacity. The only conclusion this court can and should reach is that the plaintiffs attainment of the rank of sergeant after waiting three years from the time he passed the civil service examination for that position cannot be deemed a license, nor can his participation in test preparatory classes or college classes for which he did not receive any degree be construed as an ascertainable asset to which an enhanced earning capacity can be attached (West v West, 213 AD2d, supra, at 1026; Kyle v Kyle, 156 AD2d 508, supra). Plaintiff’s increased income as a result of his appointment to the position of sergeant will determine and effect the amount of child support and maintenance (if any) the defendant would be awarded based upon plaintiffs established present earning capacity (cf., McSparron v McSparron, supra, at 286). Plaintiffs status as sergeant in a particular police department does not automatically entitle the plaintiff to be assigned this position in any other police department in this county, or State, nor would it automatically entitle him to a further promotion to a higher rank and receive increased income since that consequence rests largely on additional civil service examinations (cf., Semans v Semans, 199 AD2d 790; Scheinkman, New York Law of Domestic Relations § 14.27, at 468).
Accordingly, the branch of defendant’s motion for an order awarding her $2,500 to retain an expert to value plaintiffs alleged enhanced earning capacity is denied as the discovery request is too speculative and is not based upon binding statutory or case precedent.
*917 Finally, the branch of defendant’s motion for an order awarding her interim attorney’s fees in the sum of $10,000 is denied as the defendant does not refute plaintiffs allegation that the defendant withdrew $12,000 from the parties’ joint bank accounts (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879). Defendant may renew her application for an award of attorney’s fees at trial.