■ JEFFREY LAING, Appellant, v GENE LAING, Respondent. [723 NYS2d 710] —In a matrimonial action in which the parties were divorced by judgment entered March 19, 1999, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated June 20, 2000, as denied that branch of his motion which was to enforce that provision of a stipulation of settlement entered into in open court on August 14, 1995, providing for the sale of the marital residence, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the intention of the parties with regard to that portion of the stipulation of settlement which provided for the sale of the marital residence, and thereafter for a de novo determination of that branch of the plaintiff's motion which was to enforce that portion of the stipulation.

The provision in the stipulation of settlement regarding the sale of the marital residence is ambiguous. Where the terms of a stipulation are ambiguous, the court may consider extrinsic evidence as to the intent of the parties (see, Tirella v Tirella,

249 AD2d 294; *Derasmo v Derasmo,* 190 AD2d 655). Accordingly, a hearing is required to determine the parties' intention with respect to this provision (*see, Von Schaaf v Von Schaaf,* 257 AD2d 296; *Tirella v Tirella, supra; Small v Small,* 115 AD2d 201), and thereafter a de novo determination of that branch of the plaintiff's motion which was to enforce the provision of the stipulation providing for the sale of the marital residence. Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.