■ John Janpol, Appellant, v Hofstra University, Defendant. Bruce S. Reznick, P.C., Nonparty Respondent. [744 NYS2d 332] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Dowd, J.), dated April 25, 2000, which held a motion of the nonparty, Bruce S. Reznick, P.C., in abeyance, pending resolution of the issue of disbursements, and (2), as limited by his brief, from so much of an order of the same court, dated December 6, 2000, as granted the motion of the nonparty, Bruce S. Reznick, P.C., to compel the defendant's insurance carriers to distribute settlement proceeds in the action by separate checks to the nonparty.

Ordered that the order dated December 6, 2000, is reversed insofar as appealed from, the order dated April 25, 2000, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith and a new determination; and it is further,

Ordered that the appeal from the order dated April 25, 2000, is dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and in any event, the appeal is academic in light of our determination on the appeal from the order dated December 6, 2000; and it is further,

Ordered that one bill of costs is award to the appellant.

At issue here is the amount of the nonparty respondent's charging lien against the settlement proceeds of an action to recover damages for personal injuries.

On March 17, 1993, the appellant and the nonparty respondent law firm entered into a written retainer agreement which provided, under the subheading "FEE AGREEMENT": "My fee is one-third ($1/3$) of the recovery. In addition you must reimburse me for all disbursements."

The terms of the written agreement did not prohibit oral modification. The appellant contends that, on the morning before he entered into the stipulation of settlement of the underlying action for $1,300,000, Russell Reznick, acting on behalf of the nonparty respondent, orally agreed to accept $300,000 of the settlement of $1,300,000, in full payment of legal fees and disbursements.

When the stipulation settling the underlying action to recover damages for personal injuries was placed upon the record in open court, the appellant, duly sworn, acknowledged that he would have to pay "disbursements and attorneys' fees in accordance with a retainer agreement reached with the law office" of the nonparty respondent. However, the terms of the retainer agreement were not referred to, nor is there any reference to when the retainer agreement was reached. The language of the stipulation could be interpreted as referring to an agreement reached that very morning (see Laing v Laing, 282 AD2d 655).

The appellant's claim that Russell Reznick entered into an agreement to limit legal fees and disbursements to $300,000 is supported by the appellant's own affidavit, as well as the affidavits of both of his parents. The nonparty respondent submitted affirmations in opposition from Bruce Reznick and Russell Reznick, characterizing the appellant's claim as a total fabrication.

These affidavits present sharply disputed facts, which cannot be resolved without a hearing (see Adams v Borrasca, 288 AD2d 840; Costello v Kiaer, 278 AD2d 50). Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the terms of the appellant's agreement with the nonparty respondent, and a determination of the amount of the nonparty respondent's charging lien. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.