■ CHRISTINE STERLING-ANDREAN, Appellant, v HORATIO AN-DREAN, Respondent. [791 NYS2d 137]—

In a matrimonial action in which the parties were divorced by judgment dated August 10, 2001, the plaintiff appeals from (1) a judgment of the Supreme Court, Rockland County (Weiner, J.), dated August 12, 2003, which, upon an order of the same court entered July 3, 2003, granting that branch of the defendant's motion which was to enforce a provision of the judgment of divorce, is in favor of the defendant and against her in the principal sum of $60,000, and (2) an order of the same court entered December 12, 2003, which denied those branches of her motion which were for leave to reargue and renew that branch of the defendant's prior motion which was to enforce a provision of the judgment of divorce.

Ordered that the appeal from so much of the order entered December 12, 2003, as denied that branch of the plaintiff's motion which was for leave to reargue, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the defendant the principal sum of $60,000, and substituting therefor a provision awarding the defendant the principal sum of $30,000 payable upon the delivery of a quitclaim deed for the subject property to the plaintiff; as so modified, the judgment is affirmed

and the order entered July 3, 2003, is modified accordingly; and it is further,

Ordered that the appeal from so much of the order entered December 12, 2003, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The judgment of divorce dated August 10, 2001, incorporated but did not merge the parties' stipulation of settlement, entered into in open court on June 26, 2000, and expressly repeated the language expressed in the stipulation that the defendant is to "receive his equitable share of Sixty Thousand Dollars ($60,000.00) from the equity of the house." The defendant moved, inter alia, for a money judgment in the principal sum of $60,000 contending that this sum reflected his distributive share of the marital residence. In opposition to the motion, the plaintiff contended that at the time of the stipulation the parties intended that they each receive one half of the equity in the marital residence, or $30,000, and submitted extrinsic evidence to support her interpretation of this provision. The Supreme Court granted that branch of the defendant's motion which was to enforce this provision, and awarded him a money judgment in the principal sum of $60,000.

The provision in the stipulation of settlement, which was expressly incorporated into the judgment of divorce, regarding the distribution of the equity in the marital residence is ambiguous. Where the terms of a stipulation are ambiguous, the court may consider extrinsic evidence concerning the intent of the parties (*see Laing v Laing*, 282 AD2d 655 [2001]; *Tirella v Tirella*, 249 AD2d 294 [1998]; *Derasmo v Derasmo*, 190 AD2d 655 [1993]). In support of his motion, the defendant failed to submit any extrinsic evidence sufficient to raise a question of fact regarding his interpretation of the provision of the stipulation. In opposition to the motion, the plaintiff's evidentiary proof was sufficient to support her interpretation of the stipulation provision that each party share the equity in the marital residence equally. Accordingly, the defendant was entitled to only $30,000 under that provision of the divorce judgment which incorporated the settlement provision providing for the distribution of the equity in the marital residence (*see* Domestic Relations Law § 244; *Pollack v Pollack*, 288 AD2d 201 [2001]; *Snyder v Wilson*, 228 AD2d 819 [1996]; *Felton v Felton*, 175 AD2d 794, 795 [1991]).

To the extent that the plaintiff seeks relief regarding that

branch of her motion which was for a $5,000 judgment, we note that the Supreme Court did not decide that branch of the plaintiff's motion. Thus, we do not address the plaintiff's contention regarding that issue, as it remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]). H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.