■ ROBERT BIANCO, Respondent, v ANDREA BIANCO, Appellant. [801 NYS2d 338]—

In a matrimonial action in which the parties were divorced by judgment dated March 19, 1996, the defendant appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated January 5, 2004, which granted the plaintiff's motion to resettle a qualified domestic relations order dated October 23, 1998, so as to conform it to the terms of the parties' stipulation of settlement.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the intention of the parties with regard to those portions of the stipulation of settlement which provided for the division of the plaintiff's pension benefits, and thereafter for a de novo determination of the plaintiff's motion to resettle the qualified domestic relations order dated October 23, 1998.

There are two recognized methods for the distribution of pension benefits, whether or not those benefits have vested (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]; *Neumark v Neumark*, 189 AD2d 863 [1993]; *Kyle v Kyle*, 156 AD2d 508 [1989]; *Buzzeo v Buzzeo*, 141 AD2d 490 [1988]). Generally, the nonemployee spouse either will be given a lump sum payment discounted for present value or, in the alternative, a deferred distributive award consisting of a specific share of the periodic pension benefits which the employee spouse will receive in the

future (*see Majauskas v Majauskas, supra; Neumark v Neumark, supra; Kyle v Kyle, supra; Buzzeo v Buzzeo, supra*). Here, while some portions of the open-court stipulation entered into by the parties in 1994 appear to indicate that the defendant was to receive a specified amount of the 1994 value of the plaintiff's pension benefits, other portions indicate that she was to receive a 40% share of the benefits. Moreover, the stipulation also provided for the division of the pension benefits, to be effectuated through a qualified domestic relations order, suggesting an intent to utilize the deferred distributive award method which would ordinarily entitle the nonemployee spouse to a specified share of future benefits. Under these circumstances, the portions of the stipulation relating to the division of the plaintiff's pension benefits are ambiguous, and the court may consider extrinsic evidence concerning the intent of the parties to interpret them (*see Sterling-Andrean v Andrean*, 15 AD3d 644 [2005]; *Laing v Laing*, 282 AD2d 655 [2001]; *Tirella v Tirella*, 249 AD2d 294 [1998]; *Derasmo v Derasmo*, 190 AD2d 655 [1993]). Accordingly, we remit the matter for a hearing to determine the parties' intention with regard to those portions of the stipulation which provided for division of the pension benefits, and thereafter for a de novo determination of the plaintiff's motion to resettle the qualified domestic relations order dated October 23, 1998. Florio, J.P., Crane, Krausman, Rivera and Fisher, JJ., concur.