■ SYLVIA WEITZ, Respondent, v MELVIN WEITZ, Appellant. [823 NYS2d 434]—

In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Austin, J.), entered July 11, 2005, which, upon a prior order of the same court dated September 4, 2003, granting the plaintiff's motion for summary judgment on the issue of liability, and after a hearing on the issue of damages, is in favor of the plaintiff and against him in the principal sum of $4,246,859.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contentions, the trial court, in its September 4, 2003 order, properly granted the plaintiff's motion for summary judgment on the issue of liability, while ordering a hearing on the issue of damages. In response to the plaintiff's prima facie showing that a $5,406,503 reduction in the sale price of the parties' supermarket business was not authorized by the parties' marital settlement agreement, the defendant made only conclusory allegations, which were insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Further, a hearing was necessary to consider extrinsic evidence as to whether certain other adjust-

ments to the sale price were proper (*see Bianco v Bianco*, 21 AD3d 918 [2005]; *Laing v Laing*, 282 AD2d 655 [2001]). The hearing court properly found, on the evidence presented, that the adjustments were not authorized by the parties' marital settlement agreement, and that the cost of those adjustments could not be imposed on the plaintiff, regardless of any purported unfairness to the defendant resulting from that determination (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]; *Kailasanathan v Mysorekar*, 234 AD2d 425 [1996]).

The defendant's remaining contentions are without merit. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.